## THE STATE OF IOWA v. POSTLEWAIT.

1. CRIMINAL LAW: MINUTES OF EVIDENCE. The District Court may permit the introduction of a witness on the part of the State, where the minutes of his evidence before the Grand Jury were not attached to the indictment, if they are otherwise identified as the minutes taken in the manner prescribed by law.

2. SAME: EVIDENCE BELOW. When the record discloses that on the trial of a criminal cause a paper was produced, which, although not attached to the indictment, was claimed to be the minutes of the evidence of witnesses examined before the grand jury, but does not set out all the evidence touching its identity, the Supreme Court will not interfere with the ruling of the Court holding it sufficiently identified to authorize the introduction of a witness whose name was upon the indictment and whose evidence before the Grand Jury was set out in said minutes.

3. RECORD OF DISTRICT COURT. The District Court is presumed to know the genuineness of its own records and the signatures of its officers.

4. ADMISSION OF EVIDENCE. When the Court permitted evidence to go to the Jury, and before the Jury retired to consider upon their verdict, excluded the same evidence, it was held that the party objecting to the admission of the evidence, was not thereby prejudiced.

*Appeal from Lee District Court.*

MONDAY, JANUARY 12, 1863.

THE defendant was indicted and found guilty of the crime of burglary; motion in arrest and for a new trial being overruled, he now appeals.

*Semple & Kinley* for the appellant, cited Whart. Am. Cr. Law, 299, 996.

*C. C. Nourse,* Attorney-General, for the State, cited Roscoe's Cr. Ev., 50.

BALDWIN, C. J.— The first point made by the appellant is, that the court erred in the admission of the evidence of the witness Chidester. His name is upon the back of the indictment. When introduced by the State the defendant objected to his introduction because it did not appear that the witness had been examined before the Grand Jury, and his evidence reduced to writing and presented by them, with the indictment, to the court, as is required by § 4647 of the Revision of 1860.

The Attorney for the State then read in evidence to the Court, in support of his right to examine said witness, a certain paper purporting to be an abstract of evidence, entitled *The State of Iowa* v. *George Postlewait.* In this abstract is set forth the testimony of several witnesses, including that of the witness proposed to be introduced, in relation to the crime with which the defendant is charged. The admission of this paper, as the evidence taken before the grand jury, was objected to, because it was not signed by the clerk, not filed with the papers in said cause, nor was there any evidence offered tending to prove that such minutes were the minutes of the evidence taken before the Grand Jury when the indictment against defendant was found.

Although the Statute requires the minutes of the evidence taken before the Grand Jury to be returned with the indictment and presented therewith to the Court, and the State is prohibited from introducing any witness on the trial who was not examined before the Grand Jury, and the minutes of whose testimony was taken by the clerk thereof, yet it is not made a prerequisite to the admission of the evidence of such witness upon the trial, that such minutes should be attached to the indictment, and made part of the same. It is true that under § 4647 the law requires that such minutes must be filed; but if they are not, we do not understand that the State is to be deprived of its evidence by such omission. At least, the prohibition in § 4786 does not, it seems to us, extend thus far.

This paper may have been so identified by the clerk of the Court, in addition to what it purports on its face to be, as to justify the conclusion of the Court, that the witness offered had been examined before the Grand Jury.

The record does not purport to contain all the evidence before the Court upon this preliminary question. The counsel for appellant objected to the introduction of this witness because the said minutes were not signed, filed, or identified. The objections were overruled. The Court does not certify to us that the said minutes had never been signed, filed, or identified, &c. This court must pass upon what the court below certifies in relation to its action, and not upon what counsel may claim to be true; as for instance in a motion for a new trial, counsel may assign many objections to the ruling of the court that were never made. Because such causes are alleged in the motion, it is not to be taken as conceded that they actually existed. The court is presumed to know the genuineness of its own records, and the signature of its officer. In addition to this there may have been evidence offered to satisfy the court that the paper introduced was the true record. We are therefore

not prepared to hold that the court erred in its rulings. See the *State* v. *Schilling, infra.*

It is next insisted that the court erred in the admission of the evidence of several witnesses who testified in relation to the confession of the defendant made, as, it is claimed, under threats of violence to his person. It appears that the whole of this evidence was excluded by the court. If excluded from the jury, it could not prejudice the cause of defendant. It is not to be presumed that the minds of the jurors became poisoned or prejudiced by the introduction of evidence which the court afterwards directed them not to take into consideration.

The instructions claimed to have been given are not set forth in the bill of exceptions or in any such manner set out in the record as to authorize us to consider them. Nor does it appear that the defendant at any time excepted thereto.

We are not prepared to say that the verdict was unwarranted by the evidence. The judgment is

Affirmed.