The State of Iowa v. Guisenhause.

The State of Iowa v. Guisenhause *et al.*

1. **Practice:** FILING OF PAPERS. Where papers containing the minutes of evidence taken before a grand jury are by the jury returned into court and deposited with the clerk, they are in fact filed, and the court upon being satisfied of the fact, may order that they be indorsed as of that date.

2. —— MINUTES OF EVIDENCE. A grand jury examined numerous witnesses in regard to accusations for selling intoxicating liquors unlawfully, kept minutes of their testimony, and when indictments were found, returned these minutes as they had taken them, without first separating those portions relating to each indictment: *Held,* That while it was irregular, in the absence of a showing of prejudice to the appellant by reason thereof, it did not constitute sufficient ground for a reversal of the judgment.

3. **Instruction:** ERROR WITHOUT PREJUDICE. When the evidence is set out in the record and it appears therefrom that the instructions given by the court could have worked no prejudice to the appellant, the judgment will not be reversed.

*Appeal from Muscatine District Court.*

TUESDAY, APRIL 10.

PRACTICE IN CRIMINAL CASES: LIQUOR LAW, &c. — The defendants were indicted under section 1564 of the Revision for using a building for the purpose of selling, and keeping with intent to sell, intoxicating liquors therein contrary to law. Defendants' motion to set aside the indictment, for reasons stated in the opinion, was overruled, and the defendants excepted. Their prayer for certain instructions was refused, to which action, as well as to the court's charge, they also excepted.

They were convicted and now appeal.

*F. E. Bissell,* Attorney-General, and *Henry O'Connor* for the State.

*D. C. Cloud* for the defendants.

DILLON, J.—I. A motion was made by the defendants to set aside the indictment, because the requirement of section 4647 of the Revision, with respect to the indorsement of the names of the witnesses and return of the minutes of evidence before the grand jury, were not complied with. This motion was based upon sections 4691 and 4692 of the Revision.

1. PRAC- TICE: filing of papers.

It appears, from the bill of exceptions, that several sheets of paper, purporting to be the minutes of the evidence taken before the grand jury in this and several other cases of nuisance, were handed to the clerk by the jury at the same time that the indictments in those cases, including the present one, were returned. The sheets of

The State of Iowa v. Guisenhause.

testimony were not fastened together, but folded up, and the outside sheet indorsed: "*The State of Iowa* v. *Several Cases of Nuisance; minutes of evidence in all cases of nuisance for selling liquor*," and marked filed by the clerk. The inside sheets were not marked filed at the time. When the defendants' motion was made to set aside the indictment, the court decided that the inside sheets "were a part of the minutes of the testimony, and that they were *filed* when they were deposited with the clerk for that purpose, and ordered the proper indorsement *nunc pro tunc*, to which the defendant excepted. The indorsement which the court ordered to be made on each sheet was as follows: "Filed by direction of the court, this 17th day of October, 1865, as of June 8, 1865. JOHN W. JAYNE, Clerk."

In this action of the court we discover no error. 14 Iowa, 446; Id., 455. Being returned by the jury to the clerk and deposited with him as required by law, they were, in fact, filed, and the court, on being satisfied of these facts, had the power to order the clerk to mark them filed. As the outside sheet was marked filed, it may be doubted whether it was required that each of the inside sheets should likewise be thus marked. If they had been fastened together (as correct and orderly practice requires) before being returned, there would be no pretense for claiming that the clerk's indorsement on the outside sheet alone would not be a full compliance with the statute. *State of Iowa* v. *Postlewaite*, 14 Iowa, 446; *State of Iowa* v. *Schilling;* Id., 455.

II. On the trial, the defendants objected to the introduction of certain witnesses because there were no minutes of 2.— min- their evidence taken before the grand jury, on utes of evi- dence. file or attached to the papers, nor any purporting to belong to this particular case. This objection was overruled and the defendants excepted.

It seems that the grand jury at the term at which the bill was found, examined numerous witnesses in liquor accusations, kept the minutes of their testimony, and when the indictments were found, returned these minutes as they had taken them, without first separating those portions relating to each indictment. This practice is not to be commended as a model for imitation. But it is at most an irregularity. No showing was made by the defendant that they were prejudiced or misled because the district attorney or grand jury did not return separately the minutes of the evidence relating to the charge against them. And we must, on appeal, disregard " technical errors or defects, which do not affect the substantial rights of the parties." Rev., § 4925; and see *The State of Iowa* v. *Carney et al.,* *ante;* *The State of Iowa* v. *Postlewaite, supra.*

III. The indictment was founded upon section 1564 of the Revision. The only point made by the appellant, which seems to require a distinct notice, arises
3. INSTRUC-
TION error
without
practice. upon the following instruction of the court: " In order to convict the defendant, the State must prove that the defendant did use a certain building, known as a saloon, for the purpose of selling liquors of the kind described in the indictment (naming them), and proof of such sale, or keeping with intent to sell, of such liquors is, by law, made sufficient as presumptive evidence of the offense charged in the indictment. But such sale, or keeping with intent to sell, if shown by the State, is only presumptive evidence of the offense, and may be rebutted or explained by the defendants; but unless explained or rebutted by showing that the liquors were sold lawfully, if any were sold, or were not kept with intent to sell them in violation of the laws of the State, then such presumptive evidence becomes conclusive, and requires a verdict at your hands accordingly."

It is objected that this instruction was erroneous because

it omits, with respect to the effect of a sale, or keeping to sell, the words "in violation of the provisions of this act," as contained in section 1564 of the Revision.

All of the evidence is in the record. We have examined it, and it was shown that the defendants kept a liquor establishment or saloon with a bar-room, where they sold whiskey, &c., to persons generally. There was no evidence offered tending to show that the defendants were importers of the liquors sold, and that these remained in the original package, or that they were sold for mechanical or medicinal purposes. In other words, there was no evidence or circumstances showing that the sales proved by the State, were of the character allowed by the statute, but the evidence clearly established the contrary. Having regard to the evidence the instruction was not erroneous ; at least there was no error which could have prejudiced the defendants. Rev., § 4925; see *State* v. *Becker, infra.*

Affirmed.