## The State v. Hamilton.

42 655<br>95 632<br><br>42 655<br>f110 716

1. **Criminal Law**: PRACTICE: MINUTES OF EVIDENCE. Where the minutes of the evidence were not attached to the indictment but were filed separately, while an indorsement upon the indictment set out the names of the witnesses, it was *held*, that the evidence was properly admitted upon the trial.

*Appeal from Washington District Court.*

WEDNESDAY, APRIL 5.

INDICTMENT for obstructing a highway. The District Court refused to permit Elias King to testify before the jury for the alleged reason that the minutes of his testimony had not been returned by the grand jury with the indictment to the court. The State appeals.

*M. E. Cutts*, *Attorney General*, for the State.

No appearance for appellee.

SEEVERS, CH. J.—It is clear the witness, King, testified before the grand jury, and that sufficiently full minutes of his testimony were taken and that the same were returned to the court, and that such minutes were indorsed by the clerk as follows: "Presented and filed with the indictments in *The State v. W. Hamilton* and *State v. Michael Randan and Morgan Hart*, July 23, 1874. C. T. Jones, Clerk D. C." The indictment was indorsed, "Found at the instance of Elias King, private prosecutor." "Witnesses for the State, Elias King, I. W. Forry, J. C. Taylor, A. S. Bailey, Jacob C. Jones," and was in other respects properly indorsed and marked filed by the clerk. The said minutes of the evidence taken before the grand jury were indorsed, "We certify that the within evidence is the minutes of the testimony taken before the grand jury in the case of *The State v. Hamilton*, *Randan and Hart*, and is the evidence on which the two indictments were found and is returned with the indictment. D. J. Palmer, clerk. B. Parkinson, foreman." It otherwise appears that said Parkinson was the foreman of the grand jury, but there is nothing to show that Palmer was clerk than as above stated. The only ground upon which the ruling of the court can be sustained is, that the minutes of the evidence were not attached to the indictment. Every other requirement of the Code was literally complied with. The object of the statute is that the defendant may be apprised of the evidence and witnesses to be introduced against him. It sufficiently appeared that King was a witness before the grand jury, and that the minutes of his testimony were returned with the indictment. He could not have been surprised when King was offered as a witness; he may have been when permission for him to testify was refused.

REVERSED.