ERIE W. FENTON V. AMERICAN JEWELRY COMPANY.

FILED APRIL 21, 1897.    No. 7232.

**Transcript for Appeal:** TIME OF FILING: CONTRADICTION OF RECORD.
The record of a district court showed that a transcript for the pur-
pose of perfecting an appeal from a justice of the peace was filed
within the statutory time.    On a motion to dismiss, the court con-
sidered the filing mark and a certificate of the clerk to the same
effect and also an affidavit of the appellee's attorney, containing
a statement that he had searched the records after the time for
filing the transcript and had not found it, and also hearsay evi-
dence in the nature of statements which the deputy clerk had
made to him with regard to the clerk's acts.    *Held*, That this affi-
davit was insufficient to contradict the record, and that the appeal
should not have been dismissed.

ERROR from the district court of Gage county.    Tried
below before BUSH, J.    *Reversed.*

*A. D. McCandless,* for plaintiff in error.

*E. N. Kauffman, contra.*

IRVINE, C.

The American Jewelry Company sued Fenton before a
justice of the peace and recovered judgment.    Fenton
filed an appeal bond which was duly approved within
the statutory time.    Later he filed his transcript in the
district court, where the jewelry company moved to dis-
miss the appeal on the ground that "said action was not
appealed and filed and docketed in the office of the dis-
trict court within thirty days after the judgment was
rendered in the justice court."    This motion was sus-
tained and the appeal dismissed.    The judgment was ren-
dered by the justice on the 2d day of November, 1893.
The transcript of the record before us recites that the
transcript from the justice court was filed in the office of
the clerk of the district court on the 1st day of December,
1893, which was within the statutory period.    There is in
the record a bill of exceptions certified to embrace all the
evidence given or offered on the hearing of the motion ex-

cept the filing mark of the clerk upon the transcript. This filing mark we also have before us in the record, and it bears date of December 1, 1893. The evidence embraced in the bill of exceptions consists of an affidavit of the attorney for the jewelry company and a certificate by the clerk of the court. The affidavit is to the effect that on the 4th of December the attorney went to the office of the clerk and asked the deputy clerk if the appeal had been filed and docketed; that the deputy examined the records and said no papers had been filed; that the attorney also examined the docket and nothing was at that time filed or docketed; that the same thing occurred December 9; that on December 12 the deputy clerk informed the attorney that the clerk had received the transcript in Wymore and had carried it in his pocket and failed to deliver it into the office "until a couple of days before." The clerk certified that he filed the transcript December 1, marked it filed that day in his own handwriting, and received from appellant's attorney the sum of $1.50 filing fee.

The record before us does not support the order of the district court. It is argued by the defendant in error that the clerk's certificate is not competent evidence of the facts therein stated. But if this be a case for the application of strict rules of evidence, the affidavit embraced only hearsay evidence, except in so far as it stated the result of affiant's search. The evidence before the court then would be its own record in support of the appeal on one side and the affidavit of the attorney that he had not found the transcript on file on the other. This would be clearly insufficient to disprove the record. We are inclined, however, to think that the case falls within the rule that a court takes notice of its own record including the signatures of its officers and the date of proceedings. (*State v. Postlewait*, 14 Ia., 446; *Alderson v. Bell*, 9 Cal., 315; *State v. Bowen*, 16 Kan., 475.) If so, the judge might have informed himself from any trustworthy source of the facts and his action would not be interfered

with.   But the record discloses that he proceeded solely in the light of the evidence referred to, which, as we have seen, was insufficient.

REVERSED AND REMANDED.