STATE OF IOWA v. D. W. Doss, Appellant.

**Indictment:** FILING MINUTES AND EXHIBITS. The provisions of Code, section 5258, that "when an indictment is found, all minutes and exhibits relating thereto shall be returned therewith, and filed by the clerk of the court, and attached to the indictment," and of section 5276, requiring that the indictment, with the minutes of the witnesses on whose evidence it is found, must be "presented to the court by the foreman, in the presence of the grand jury, and all of the same marked filed by the clerk, as provided in the chapter relating to the duties of the grand jury," do not require that the minutes of the testimony of each witness and each exhibit returned with the indictment be separately marked "filed" by the clerk, but one endorsement, so made as to indicate all papers to which it refers, is sufficient.

As EVIDENCE: *Failure to file.* Where the transcript shows that the minutes of the testimony taken before the grand jury were returned with and attached to the indictment, when it was filed with the clerk, the failure to mark them as filed, as required by Code, section 5258, 5276, will not warrant the exclusion of the testimony

of the witnesses, the minutes of whose testimony are so returned, even though notice that their testimony will be offered is not given, as provided for by section 5373 of the Code, which declares that the county attorney, in offering evidence in support of the indictment shall not be permitted to introduce any witness "the minutes of whose testimony were not presented with the indictment to the court" unless he shall have given notice in writing of such witness.

**Review on Appeal:** RULING ON SUFFICIENCY OF NOTICE: *Record.* A ruling as to the sufficiency of a notice is not reviewable where the notice is not set out in the record on appeal.

*Appeal from Clarke District Court.*—HON. W. H. TEDFORD, Judge.

TUESDAY, DECEMBER 12, 1899.

THE defendant was convicted of the crime of keeping a gambling house. From the judgment, which required him to pay a fine of one hundred dollars, and provided, in default of payment that he be confined in the county jail, he appeals. —*Affirmed.*

*Temple & Hardinger* for appellant.

*Milton Remley,* Attorney General, for the State.

ROBINSON, C. J.—The defendant contends that the district court erred in permitting certain witnesses to testify, on the alleged ground that the minutes of their testimony taken before the grand jury were not returned with the indictment, and filed with it, and that notice of the introduction of their testimony was not given. The record submitted to us shows the following: Attached to the indictment are what purport to be minutes of the testimony of the witnesses referred to, which appear to be duly signed by the witnesses. On the indictment is an indorsement as follows: "The within indictment was presented to the district court of Clarke county, Iowa, in open court, by the foreman of the grand jury, in the presence of all the grand jurors, and filed by the clerk of the district court of said county, on the

16th day of Feb., A. D. 1899. W. E. Morrow, Clerk District Court of said County." There is no other mark of filing on the indictment. A certificate is attached to the indictment, signed by the clerk, which contains the following: "I, W. E. Morrow, clerk of the district court in and for Clark county, Iowa, hereby certify that the foregoing is the original indictment returned by the grand jury of said county against D. W. Doss on the sixteenth day of February, 1899, and that it now contains all of the indorsements and filing marks, and is in the same form in which it was presented to the court by the foreman in the presence of the grand jury." It will be noticed that neither certificate contains any specific reference to the minutes of testimony taken before the grand jury, and they are not in any manner referred to or identified by any filing mark or certificate, unless they are to be treated as so far a part of the indictment as to be included in the certificates which we have set out. But they are not a part of the indictment. Code, sections 5279, 5280; *State v. Briggs,* 68 Iowa, 416. Section 5373 of the Code provides that the county attorney, in offering evidence in support of the indictment, shall not be permitted to introduce any witness "the minutes of whose testimony were not presented with the indictment to the court," unless he shall have given notice in writing of such witness. Section 5258 requires the clerk of the grand jury to take and preserve minutes of the proceedings and of the evidence given before the grand jury, and provides that, when an indictment is found, "all minutes and exhibits relating thereto shall be returned therewith, and filed by the clerk of the court, and attached to the indictment." Section 5276 provides that: "When an indictment is found, the names of all witnesses on whose evidence it is found must be indorsed thereon before it is presented to the court, and must be, with the minutes of the evidence of such witnesses, presented to the court by the foreman in the presence of the grand jury, and all of the same marked 'Filed' by the

clerk, as provided in the chapter relating to the duties of the grand jury, and shall remain in his office as a record." It was held prior to the enactment of the Code that the failure of the clerk to file an indictment would not invalidate the proceedings thereunder. *State v. Rivers*, 58 Iowa, 102. In *State v. Postlewait*, 14 Iowa, 446, it was held that the statute did not require the minutes of the evidence taken before the grand jury to be attached to the indictment, and made a part of it, as a prerequisite to the admission on the trial of the evidence of the witness, minutes of whose testimony had been so taken. In *State v. Guisenhause*, 20 Iowa, 227, it was said of minutes of testimony taken before the grand jury which were returned to the clerk of the court, and by him deposited as required by law, although not marked "Filed," that they were in fact filed. See, also, *State v. Briggs*, 68 Iowa, 416; *State v. Cross*, 95 Iowa, 629. In *State v. Hamilton*, 42 Iowa, 655, it was said of minutes of testimony taken before the grand jury, which were returned to the court, and marked "Filed" by the clerk, that the fact that they were not attached to the indictment did not authorize the exclusion on the trial of the evidence of the witness the minutes of whose testimony before the grand jury were so preserved. There have been some changes in the statutes relating to the matters considered in the cases referred to since they were decided. The provision that, "when an indictment is found, all minutes and exhibits relating thereto shall be returned therewith, and filed by the clerk of the court, and attached to the indictment," was first enacted in 1897 as a part of section 5258 of the Code. Section 4293 of the Code of 1873, as amended by section 4, chapter 130, of the Acts of the Eighteenth General Assembly, required that the minutes of the evidence of witnesses on which an indictment was found should "be presented with the indictment to the court, and filed by the clerk of the court, and remain in his office as a record." Section 5276 of the Code requires that the indictment, with the

minutes of the witnesses on whose evidence it is found, must be "presented to the court by the foreman in the presence of the grand jury, and all of the same marked 'Filed' by the clerk, as provided in the chapter relating to the duties of the grand jury." It is contended that these provisions require that the minutes of the testimony of each witness and each exhibit returned with the indictment be separately marked "Filed" by the clerk. We do not think that is necessary. One indorsement of filing, if so made as to indicate all papers to which it refers, would be sufficient, and ordinarily one indorsement on papers duly attached together would be all that good practice requires. But the defect in this case is that the certificates of filing refer specifically to the indictment as the instrument filed in terms which exclude the inference or presumption that they were intended to include papers filed with the indictment. Notwithstanding the changes in the statutes, we are of the opinion that the rule of decisions under prior statutes applies, and that the failure to mark as filed the minutes of evidence taken before the grand jury which are in fact returned with the indictment and deposited with the records of the case will not warrant the exclusion of the testimony of the witnesses the minutes of whose testimony are so returned, even though notice that their testimony will be offered is not given. If the minutes are not returned with the indictment, as required by the statutes, that fact might be ground for a motion to set aside the indictment. Code, section 5319, subd. 2. But that relief was not asked in this case. The additional abstract filed by the state alleges that the minutes of the testimony of witnesses examined before the grand jury were attached to the indictment and filed with the clerk. That is denied by the defendant, but an examination of the transcript shows that the minutes in question were in fact returned with the indictment, and attached to it when it was filed by the clerk. The transcript also shows that the chief objection to the

testimony of the witnesses urged in the district court was not that the minutes of their testimony had not been attached to the indictment when it was filed, but that they had not been marked "Filed." · That, as already stated, was not a fatal defect, and the testimony of the witnesses was properly received in evidence without other notice.

II.    The defendant complains of the ruling of the court in admitting the testimony of F. M. Kyte, whose name was not indorsed on the indictment as that of a witness examined before the grand jury. It is said that the notice in writing required in such cases by section 5373 of the Code was not given. The record submitted does not show what notice of the testimony of Kyte was given, but it does show that there was such a notice, that the district court examined it, and decided that it was sufficient. If it was not, the defendant, in order to have it reviewed, should' have had it incorporated in the record submitted to us; but, having failed to do so, is not entitled to relief on account of it.

III.    The evidence sustains the verdict of the jury, and we do not find any ground for reversing the judgment; of the district court. It is therefore AFFIRMED.

GRANGER, J., not sitting.