**Henry Clay MONTS, Petitioner-Appellant,**

v.

**C. Murray HENDERSON, Warden, Tennessee State Penitentiary, Respondent-Appellee.**

No. 18529.

United States Court of Appeals Sixth Circuit.

April 7, 1969.

**18**

Henry Clay Monts, in pro. per.

David W. McMackin, Asst. Atty. Gen. State of Tennessee, James C. Dale, III, Sp. Counsel State of Tennessee, Nashville, Tenn., George F. McCanless, Atty. Gen., of counsel, for appellee.

Before EDWARDS and CELEBREZZE, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal by Henry Clay Monts, petitioner-appellant, from an order of the United States District Court for the Middle District of Tennessee denying his petition for a writ of habeas corpus. Monts was convicted with Johnnie West on a charge of first degree murder in the perpetration of a burglary for the killing of police officer, Frank Bruno. The history of the case is stated in our opinion in West v. Henderson, Warden, 6 Cir., 409 F.2d 95, decided today.

The appellant makes two assignments of error: (1) His confession should not have been admitted into evidence because the police failed to advise him of his constitutional right, during interrogation, to have a lawyer, and (2) the district judge erred in holding that appellant failed to show that any of the circumstances set forth in paragraphs numbered (1) to (7) of Section 2254(d) Title 28, U.S.C. existed.

■ In support of the first assignment of error the appellant relies on Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. The second trial was subsequent to *Escobedo* but prior to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R. 3d 974. *Miranda* is therefore not applicable. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. The evidence shows that Police Inspector E. C. Swan who interrogated Monts after advising him of the nature of the charge against him said,

"It is my duty as an officer to inform you that any statement made by you at this time can and will be used as evidence against you at the time of trial in court. With this understanding do you care to make a statement and will you answer the questions that I will ask you truthfully and to the best of your knowledge?"

The appellant answered that he would make a statement and truthfully answer the questions.

■ The trial judge, in a hearing out of the presence of the jury, found as a fact that the appellant did not request a lawyer. A transcript of the trial proceedings was made a part of the record in this case and it is before us. The hearing conducted by the trial judge was complete and adequate and there was ample evidence to support his finding. We accept the finding of the trial judge and find no violation of the rule of *Escobedo*.

■ In Waddy v. Heer, 6 Cir., 383 F. 2d 789, 793, we said, since *Miranda* "has prospective effect only * * * the absence of counsel at the time the uncoerced confessions were obtained does not afford grounds for reversal". In State of Texas v. Payton, 390 F.2d 261, 269 (C.A.5), the court held that *Escobedo* did not re-

quire habeas corpus to be granted "solely and narrowly upon the basis of the failure of the arresting officers to warn Payton of his right to remain silent". See also Beto v. Conley, 393 F.2d 497 (C.A.5); United States ex rel. Townsend v. Ogilvie, 334 F.2d 837, 843 (C.A.7), cert. den. 379 U.S. 984, 85 S.Ct. 683, 13 L.Ed.2d 574. Contra United States ex rel. Russo v. State of New Jersey,[1] 351 F.2d 429 (C.A.3), where the court applied *Escobedo* retroactively and held that it was not necessary to request counsel and that counsel was denied unless affirmatively waived. Under *Escobedo*, lack of counsel in and of itself is not sufficient ground for granting habeas corpus but it may be considered in the "totality of circumstances" in determining whether a confession is voluntary. Greenwald v. Wisconsin, 390 U.S. 519, 88 S.Ct. 1152, 20 L.Ed.2d 77.

Harvey v. Mississippi, 340 F.2d 263 (C.A.5), cited by appellant, is not in point. This case involved a plea of guilty without benefit of counsel. Neither is Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70, also cited by appellant, applicable. Here the appellant was without counsel at the trial level. The Court held that waiver of counsel could not be presumed from a silent record.

It is not argued that the confession was coerced or involuntary. From our reading of the record we would have to say that the record would not support such a claim. As we said in West, the tenor of the confession was to exculpate Monts and inculpate West. This being so it would appear that Monts had a motive for making a statement. Monts testified that he waived extradition and came back from Chicago to Memphis voluntarily "to get this thing cleared up."

There is no merit to appellant's second assignment of error.

For the reasons stated herein and in the order of District Judge Gray reported at 295 F.Supp. 854, the judgment of the District Court is affirmed.

---

1. Cert. granted and case remanded to the District Court for further proceedings in light of Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882; New Jersey v. Russo, 384 U.S. 889, 86 S.Ct. 1914, 16 L.Ed.2d 995. Cert. was denied to Russo who apparently petitioned for cert. to have the court review the Court of Appeals finding that his confession was voluntary. 384 U.S. 1012, 86 S.Ct. 1916, 16 L.Ed.2d 1018.