**Johnnie WEST, Petitioner-Appellant,**

v.

**C. Murray HENDERSON, Warden Tennessee State Penitentiary, Respondent-Appellee.**

No. 18528.

United States Court of Appeals
Sixth Circuit.

April 7, 1969.

Johnnie West, pro. per., appellant.

James C. Dale, III, Sp. Counsel, State of Tennessee, David W. McMackin, Asst. Atty. Gen., Nashville, Tenn., for appellee, George F. McCanless, Atty. Gen., and Reporter, State of Tennessee, of counsel.

Before EDWARDS and CELEBREZZE, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

This is an appeal by Johnnie West, petitioner-appellant, from an order of the United States District Court for the Middle District of Tennessee denying his petition for a writ of habeas corpus.

In the September 1962 term of the criminal court for Shelby County, Tennessee, West and co-defendant, Henry Clay Monts, with a third person were indicted for first degree murder and for murder in the perpetration of a burglary for the killing of Police Officer Frank Bruno on October 7, 1960. Monts was arrested in Chicago on September 25, 1962 and returned to Memphis on the 26th, arriving there at about 9:00 P.M. Shortly after midnight he made a confession in which he implicated West.

A joint trial of all three defendants in the state court resulted in verdicts of

guilty with death sentences for West and Monts and a 99 year prison term for the third defendant. West and Monts appealed to the Supreme Court of Tennessee and their convictions were reversed because of error in the trial judge's instructions relative to circumstantial evidence. A joint retrial of West and Monts resulted in verdicts of guilty and sentences for each one of 150 years imprisonment. Their convictions were affirmed by the Supreme Court of Tennessee, Monts v. State, 218 Tenn. 31, 400 S.W.2d 722 and after exhausting their state remedies they filed petitions for writs of habeas corpus in the District Court for the Middle District of Tennessee. Their petitions were denied and they appealed to this court. It is the appeal of West that we are concerned with in this opinion. The appeal of Monts will be discussed in No. 18,529, Henry Clay Monts v. C. Murray Henderson, Warden.

The district judge did not conduct an evidentiary hearing on West's petition but held that there had been a full and fair hearing and factual determination of the question of severance by the State Courts under the provisions of Section 2254, Title 28, U.S.C. The appellant's assignments of error arise out of the failure of the state trial judge to grant his motion for a severance from a joint trial with co-defendant Monts. The appellant claims that it was error to deny his motion for a severance and that as a result thereof, he did not have a fair trial.

When the confession was admitted the trial judge at the request [1] of counsel for West admonished the jury:

"Gentlemen, the very reason I explained to you the other day [2], anything said in here by—allegedly said by the defendant Monts in regard to the defendant West, you will not consider that against West for any purpose whatsoever. You all understand that? Jurors: Yes, sir."

In the judge's general charge to the jury he said:

"The Court instructs the jury that if there is any evidence tending to show accusations or statements made against a defendant out of his presence and unheard by him, you are instructed not to consider such statements or accusations for any purpose whatsoever in determining the guilt or innocence of a defendant."

In United States v. Smith, 6 Cir., 403 F.2d 74, 76, we said that in some recent cases the Supreme Court had held

"that cautionary admonitions of a trial judge are ineffective to erase from the minds of jurors the effects of incompetent and potentially prejudicial testimony",

and cited Bruton v. United States,[3] 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 and Marshall v. United States, 360 U.S.

---

1. "MR. STANTON: If your Honor please, it is my understanding that West was not present when this statement was taken and I want to impress upon the Jury this statement is not West's statement and West is not responsible for this statement and I would appreciate your Honor instructing the Jury to that effect that West is not in any sense chargeable with this statement."

2. The statement to which reference is made:
    "THE COURT: Well, now, first off let me say this to the Jury, gentlemen. The law is that if a person makes a statement about another, about a third party, and they are not there, present, and within their hearing where they have a right to deny it, you see, and in other words if A makes a statement to B in regard to C, the statement in reference to C is not competent for any purpose here, it can't be charged to him unless C was present and heard it and had an opportunity to deny it. Do I make myself understood, gentlemen?
    "Now if anything is said in the testimony here, Mr. Allison, that was told to him by Mr. West, in regard to Mr. Monts, you must not consider it against Mr. Monts for any purpose whatsoever. You understand that?"

3. Bruton v. United States is to be applied retroactively in relation to both federal and state cases. Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100.

310, 79 S.Ct. 1171, 3 L.Ed.2d 1250. In Smith, supra, we held that a statement that the defendant had previously been in the penitentiary brought out by the prosecutor through a government witness was, under the circumstances, prejudicial to the defendant. A new trial was granted.

In Townsend and Terry v. Henderson, Warden, 6 Cir., 405 F.2d 324, a habeas corpus case brought in the District Court, where the appellants were convicted in a state court of attempted prison escape we held that in a joint trial where Terry's confession implicated Townsend it was a violation of Townsend's constitutional rights to try him jointly with Terry. The facts are very similar. Terry denied the confession as does Monts in this case. West had no effective right of cross examination in regard to the confession. See Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934; Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L. Ed.2d 923; Bruton v. United States, supra.

But more than the denial of the right of confrontation in violation of the Sixth Amendment made applicable in state courts through the Fourteenth Amendment is the denial of a fair trial to West through the confession itself and its use in the trial. The confession, so called, appears to be a studied effort on the part of Monts to exculpate himself and to inculpate West. Although Monts admits that he entered into the planning of the burglaries he says he left before the crime happened and he places himself a block away from the actual break-in and without a gun. West, he says, entered the buildings and he saw him or the other man have a pistol the next morning. He said he figured West had a gun, because he usually did when he went to burglarize a place. Thus Monts separates himself from the burglaries and the shooting in an effort to mitigate the circumstances of his own participation in the crime at the expense of West.

The trial Judge's cautionary instructions were nullified by the manner in which the prosecutor used the confession on cross examination of Monts and West.

On the cross examination of Monts the prosecutor continuously asked him questions from the confession in which Monts had implicated West. Monts denied that he made the purported answers in his statement. The prosecutor asked Monts, referring to the confession:

"Can you give this jury here any reason why on that evening, why you would implicate your friend of 1958, West, in the slaying of this—this murder of Police Officer Bruno?"

\*    \*    \*    \*    \*    \*

"Do you deny making any statement implicating your friend of 1958, West, in the slaying of this Officer Bruno on October 7, 1960, Mr. Monts?"

\*    \*    \*    \*    \*    \*    \*·

"I will ask you if your answer was: "'—' did not enter the place, West did."

\*    \*    \*    \*    \*    \*    \*

"I will ask you if he asked you this: "'Did—or Johnny West—"

\*    \*    \*    \*    \*    \*    \*

"I will ask you if this is your answer:" 'West stopped in front of one and I wouldn't say for sure whether he went in it or not because I was standing too far down the street and it was dark and I couldn't tell.'

\*    \*    \*    \*    \*    \*

"I will ask you if he asked you this question: 'Did you state earlier you saw West enter the store before you ran from the scene?' "And your answer: 'He disappeared, and I imagine he went in the store or he could have stepped to the side of it, and I wasn't close enough I could see for sure. I am pretty sure that he did.' "

There were other statements and questions by the prosecutor linking West with Mont's confession.

The prosecutor also referred to Mont's statement when he cross examined West. He asked West the following questions:

"Can you give these gentlemen of the jury, Mr. West, any reason why

your friend, Henry Clay Monts, would implicate you in this murder of Police Officer Bruno as he did when he gave his statement to Captain Swann on September 26, 1962?"

A "No, sir, I cannot."

"You cannot? You had never had any quarrel or argument with Monts before in your life, had you, Mr. West?"

A "No, sir, I didn't know, not what you would say, too much about it."

\* \* \* \* \* \*

"I will give you another opportunity, Mr. West, to tell the Court and jury why your friend, Henry Clay Monts, would give a statement implicating you in the murder of Officer Bruno on the morning of October 6, 1960."

\* \* \* \* \* \*

"Did you answer the question about about why your friend Monts would implicate you in this crime, Mr. West?"

In *Bruton,* 391 U.S. at p. 135, 88 S.Ct. at p. 1627 the Court said,

"Nevertheless, as was recognized in Jackson v. Denno, *supra,* (378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908) there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored."

At best, it is questionable whether cautionary instructions can erase from the minds of jurors statements that a defendant makes in a confession concerning the implication of a co-defendant. But here we have the prosecutor, in spite of the cautionary instructions of the trial judge, focusing the attention of the jury on the implication of West in Monts' confession.

■ The district judge in his order, noted these questions of the prosecutor on the cross examination of Monts and West, but passed over them because West's counsel made no objection. This questioning of the prosecutor was so interwoven with the admission into evidence of the confession, over the objection of counsel for West, and the denial of the motion for severance that we think no objection was necessary. It would not have been amiss for the trial judge, indeed we think he would have been prompted, on his own motion to have interceded and stopped this type of questioning. The trial judge's instruction in his general charge, as we heretofore quoted it, was hardly specific enough to impress the jurors with his earlier caution to not consider the confession of Monts as to West.

■ Although we are of the opinion that there was sufficient evidence, without reference to the Monts' confession, upon which to submit West's case to the jury, we have no way of knowing whether in fact the jury did or did not ignore Monts' confession in determining West's guilt. However, we conclude that the nature of the confession itself, inculpating West, its introduction into evidence and the use made of it by the prosecutor was, under the circumstances of the case, a denial to West of fundamental fairness in the trial, in violation of his constitutional right to due process of law under the Fourteenth Amendment.

The judgment of the District Court denying the petition for a writ of habeas corpus is vacated and the case is remanded. On remand, the District Court will enter appropriate orders consistent with this opinion, allowing the state reasonable time in which to retry the appellant if it desires to do so.