WILLIAM IRVIN GENTRY, Plaintiff in Error, v.
LAKE F. RUSSELL, Warden, Defendant in Error.

450 S.W.2d 51.

Court of Criminal Appeals of Tennessee. Oct. 20, 1969.

Certiorari Denied by Supreme Court Jan. 19, 1970.

2

Ben K. Wexler, Greeneville, for plaintiff in error.

George F. McCanless, Atty. Gen., Nashville, Heiskell H. Winstead, Dist. Atty. Gen., Rogersville, for defendant in error.

## OPINION

DWYER, Judge.

William Irvin Gentry appeals from the dismissal of

his post-conviction petition, after an evidentiary hearing.

The petitioner was convicted of rape in the Criminal Court of Greene County, Tennessee. A jury assessed his punishment at confinement for twenty years after a trial which lasted eight days. This conviction was affirmed on direct appeal by the Supreme Court of Tennessee. In petitioner's original trial he was represented by four Court-appointed attorneys.

Petitioner Gentry filed his petition for a writ of habeas corpus on April 20, 1968. The Greene County Criminal Court appointed counsel to represent the petitioner who filed a supplemental petition complying with the provisions of the Post-Conviction Procedure Act. A hearing was held and proof was adduced by the petitioner which consisted of his testimony, his father's, his mother's, his two sisters' and a neighbor's. The State's proof consisted of Mr. Francis X. Santore, the Court-appointed attorney for the petitioner in his original trial and conviction, and the Chief of Police Kenneth Rollins, who had arrested petitioner.

Petitioner's assignments of error are these:

1. That he is restrained of his liberty, because his arrest was illegal and not according to law.

This assignment is overruled. T.C.A. 40-3811 and 40-3812, "Previously determined grounds." The Supreme Court of the State ruled on this assignment in affirming petitioner's conviction and found it to be without merit; accordingly, it is overruled.

2. That at the time of his arrest he was a minor, sixteen (16) years of age; that following his arrest, he

4

was held in the Greeneville City Jail for approximately forty-eight (48) hours, incommunicado and without the aid of counsel, parents, relatives or friends.

The record repudiates this ground. The father testified at the hearing to seeing the defendant at nine o'clock. There is no showing that because of this allegation there was any abridgment of petitioner's constitutional rights. This assignment is accordingly overruled.

3. That he is illegally restrained of his liberty in that the Criminal Court of Greene County had no jurisdiction to try him; that his hearing before the juvenile judge pursuant to T.C.A. § 37-265 was illegal and not according to law, as no evidence was introduced and no probable cause shown; that the Juvenile Court could not relinquish its jurisdiction giving the Criminal Court jurisdiction over the person until probable cause was shown that the petitioner had committed the alleged crime.

This assignment was "previously determined" by the Supreme Court on petitioner's direct appeal. Our Supreme Court in dismissing this assignment had this to say:

"* * * T.C.A. § 37-231 provides that the only function of a Juvenile Court Judge, when there is probable cause to believe a child has been guilty of the crime of rape, is to dismiss the cause and remand said child to the Sheriff." Billy Joe Davis and William Irvin Gentry v. State of Tennessee, opinion by Justice Creson of July 21, 1967.

In State ex rel. Donehue v. Russell, 221 Tenn. 609,

429 S.W.2d 818, considering T.C.A. 37-231, from which T.C.A. 37-265 is derived, our Supreme Court said:

"Under this Section, the Juvenile Court had no jurisdiction which could have been waived. It was mandatory for the Juvenile Court to remand such juvenile to the Criminal Court.

"A preliminary hearing by the Juvenile Court was not required as a means of conferring jurisdiction upon the Criminal Court. Howland v. State, 151 Tenn. 47, 268 S.W. 115 (1924)"

which was the law in effect at the time of petitioner's arrest. This assignment is accordingly overruled.

4. Petitioner asserts that the confession used against him was illegal and false and its use unconstitutional, as the petitioner did not sign said confession, and he was not advised as to his constitutional rights concerning said confession.

This assignment of error was "previously determined," Billy Joe Davis and William Irvin Gentry v. State of Tennessee, *supra*. Our Supreme Court, in dismissing this assignment, said:

"This case was tried before the United States Supreme Court's decision in Miranda v. Arizona (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Therefore, the test for determining the admissibility of these confessions is whether or not they were freely and voluntarily given. See Beaver v. State (1966) 217 Tenn. 447, 398 S.W.2d 261. The evidence contained in this record shows that both of these defendants were advised, prior to their making any of the statements in-

troduced into evidence, of their constitutional right to remain silent, and of their right to counsel. It further appears from the record that the statements made by them and introduced into evidence were made freely and voluntarily, and without coercion of any sort."

This assignment is accordingly overruled.

Assignments five and six relating to denial of process for witnesses and confrontation of the prosecutor, counsel for petitioner concedes are without merit. Accordingly, assignments of error five and six are overruled.

7. Petitioner states that he had appointed counsel and that said counsel was not effective.

Testimony was taken in regards to this allegation of petitioner. A review of the proceedings reflects that petitioner stated counsel "* * * was up there fighting my case" and a person touched him on his shoulder and his counsel looked around and stopped his cross-examining. This allegation was denied by Court-appointed counsel. We fail to perceive how this, if it did take place, would make counsel ineffective so as to abridge any of petitioner's constitutional rights. Petitioner's own testimony, "* * * he was up there fighting my case" is incongruous with his allegation that counsel was ineffective. The record before us reflects that petitioner not only was represented by Francis X. Santore but the Court also appointed three other attorneys, Mr. Jimmy Gray Cutshaw, Mr. Bill Bowman and Mr. James Fletcher, to assist Mr. Santore when he became ill. Mr. Santore testified he spent over ninety days working on and preparing petitioner's case for trial. Prior to the trial he had many

conferences with the family of petitioner. The trial court, in a finding of fact and law, found that petitioner was ably and competently represented by Mr. Santore and the other three Court-appointed attorneys; that they appealed the conviction and argued the petitioner's cause in the Supreme Court of the State.

In State of Tennessee ex rel. Leighton v. Henderson, 448 S.W.2d 82, in an opinion for the Court prepared by Judge Oliver, filed July 16, 1969, the following excerpts of Schaber v. Maxwell, 348 F.2d 664 (6 Cir. 1965) were quoted:

> " '* * * It is clear from these opinions that the term "effective" has been used by the Supreme Court to describe a procedural requirement, as contrasted with a standard of skill. The Court has never held that an accused is entitled to representation by a lawyer meeting a designated aptitude test. It has never used the term to refer to the quality of the service rendered by a lawyer. The Court has clearly established that an indigent accused is entitled to counsel, if he wants one, despite his inability to pay for the service; that appointed counsel must have reasonable opportunity to prepare for his task of defense; and that the lawyer so appointed must have no divergent interest. But the Court has not itself undertaken, nor has it imposed upon the inferior federal courts, the duty of appraising the quality of a defense.' [Mitchell v. United States] 259 F.2d at 789-790.
>
> \* \* \* \* \* \*
>
> 'We think the term "effective assistance"—the

courts' construction of the constitutional require-ment for the assistance of counsel—does not relate to the quality of the service rendered by a trial lawyer or to the decisions he makes in the normal course of a criminal case; except that, if his conduct is so incompetent as to deprive his client of a trial in any real sense—render the trial a mockery and a farce is one descriptive expression,—the accused must have another trial, or rather, more accurately, is still entitled to a trial.' 259 F.2d at 793.

\* \* \* \* \* \*

'We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance.'

"In United States v. Wright, 176 F.2d 376 (C.A. 2), cert. denied, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586, it was said that the rule contemplates the con-scientious service of competent counsel and that a mere perfunctory appearance for a defendant is not enough. To like effect is Turner v. State of Maryland, 303 F.2d 507 (C.A. 4), cert. denied, 364 U.S. 885, 81 S.Ct. 173, 5 L.Ed.2d 105.

"It is held that invalidation of a conviction on allega-tions of ineffective counsel is not warranted by con-tentions as to the 'competence of counsel' without more, Kennedy v. United States, 259 F.2d 883, 886 (C.A. 5), cert. denied, 359 U.S. 994, 79 S.Ct. 1126, 3 L.Ed.2d 982; the 'quality of a defense' or matters of 'counsel's judgment,' Lyons v. United States, 325 F.2d

370, 376-377 (C.A. 9), cert. denied, 377 U.S. 969, 84 S.Ct. 1650, 12 L.Ed.2d 738; United States ex rel. Feeley v. Ragen, 166 F.2d 976 (C.A. 7); 'general statements expressing dissatisfaction with trial results,' Frand v. United States, 289 F.2d 693, 694 (C.A. 10); 'a matter of trial strategy' McDonald v. United States 282 F.2d 737, 740, 743 (C.A. 9); or when petitioner has alleged no grounds for a defense, Turner v. Maryland, 318 F.2d 852 (C.A. 4)."

The *Leighton* opinion also quoted the following from Williams v. Beto, 354 F.2d 698 (5 Cir. 1966):

"If the indigent client, conferred upon and trusted to the lawyer, knows more about what ought to be done in handling the case, then he needs no counsel and it is folly for him to ask for it. Moreover, the fact that some other lawyer followed a different course in another case, or would have done differently had he been acting as counsel, is no ground for branding the appointed attorney with the opprobrium of ineffectiveness, or infidelity, or incompetency. The practice of law is an art as well as a science. As no two men can be exactly alike in the practice of the profession, it is basically unreasonable to judge an attorney by what another would have done, or says he would have done, in the better light of hindsight. Scott v. United States (6 Cir. 1964), 334 F.2d 72, cert. den. 379 U.S. 842, 85 S.Ct. 81, 13 L.Ed.2d 48.

"Court appointed counsel is no different to any other lawyer. He is still a lawyer, he is still practicing law, and he is no less confronted by difficult decisions of tactics and strategy. He cannot stand still and do

nothing. That indeed might be the best evidence of incompetency, or infidelity, or ineffectiveness, or all three. He must decide as his knowledge, experience, and talents best permit, and then move ahead. When he does this, that is all any lawyer can do, and the client has no right to complain of the absence of a miracle. Hickock v. Crouse (10 Cir. 1964), 334 F.2d 95, cert. den. 379 U.S. 982, 85 S.Ct. 689, 13 L.Ed.2d 572, and Smith v. Crouse, 379 U.S. 982, 85 S.Ct. 690, 13 L.Ed.2d 572, reh. den. two cases, 380 U.S. 928, 85 S.Ct. 908, 13 L.Ed.2d 817.

"It is the duty of every court, state or federal, fearlessly to see that the attorney is faithful to his trust. Courts will not shirk this duty. On the other hand, we must have no qualms about rejecting the ill founded contentions of those who have enjoyed the services of court appointed counsel only to seek, without just cause, to discredit their benefactors."

The trial court found as a matter of fact that Mr. Santore and co-counsel were very diligent in the performance of their duties in the defense of petitioner. The burden of proving his allegations that his conviction and sentence are void was on the petitioner. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 381 S.W.2d 290. This he has not done.

The judgment of the trial court is affirmed.

OLIVER and RUSSELL, JJ., concur.