Joel Farris **OLDS**, Petitioner-Appellant,

v.

William S. **NEIL**, Warden, Tennessee State Penitentiary, Nashville, Tennessee, Respondent-Appellee.

No. 72–2094.

United States Court of Appeals, Sixth Circuit.

Argued April 13, 1973.

Decided July 17, 1973.

Ronald L. Gilman, Memphis, Tenn., (Court appointed), for petitioner-appellant.

James M. Tharpe, Sp. Counsel, State of Tenn., Memphis, Tenn., for respondent-appellee; David M. Pack, Atty. Gen. of Tenn., of counsel.

Before WEICK, Circuit Judge, and CECIL and O'SULLIVAN, Senior Circuit Judges.

CECIL, Senior Circuit Judge.

Joel Farris Olds, petitioner-appellant, appeals from an order of the United States District Court, for the Western District of Tennessee, denying his petition for a writ of habeas corpus. Olds, the appellant, and two co-defendants, Henry Clay Monts and Johnny West, were found guilty by a jury on February 4, 1963 of murder in the first degree, in the perpetration of a burglary, for the killing of Frank Bruno, a Memphis Police Officer on October 7, 1960. Olds was sentenced to serve ninety-nine years in prison and Monts and West were given death sentences.

All three defendants filed motions for new trial but on March 8, 1963, Olds' lawyer, privately employed, withdrew his motion and thus foreclosed his right to a direct appeal. Appeals were perfected on behalf of Monts and West and they were granted new trials by the Supreme Court of Tennessee. Monts v. State, 214 Tenn. 171, 379 S.W.2d 34. The basis of their reversals was that the trial judge had refused, upon request, to charge the jury on circumstantial evidence.

Monts and West were retried, found guilty and sentenced to serve one hundred fifty years imprisonment in the

State Penitentiary. These convictions were affirmed by the Supreme Court of Tennessee. Monts v. State, 218 Tenn. 31, 400 S.W.2d 722. The facts of the burglary and killing are detailed in the opinion of this case. Subsequently, Monts and West exhausted their state remedies and petitioned the United States District Court for the Middle District of Tennessee for writs of habeas corpus. Their petitions being denied they appealed to the Sixth Circuit Court of Appeals.

Monts' principal claim on appeal was that his confession was in violation of Escobedo v. Illinois, 378 U.S. 478, 84 S. Ct. 1758, 12 L.Ed.2d 977, and should not have been admitted into evidence. We denied this claim, as reported in Monts v. Henderson, 409 F.2d 17 (C.A.6).

West's appeal to this Court was sustained. The judgment of the District Court denying the petition for a writ of habeas corpus was vacated and the case remanded with instructions to the District Court to allow the State a reasonable time for retrial.[1] West v. Henderson, 409 F.2d 95 (C.A.6). We held that Monts' confession was a studied effort to exculpate himself and to inculpate West and that the prosecutor's use of it in cross examining both Monts and West so prejudiced West that the prejudice could not be erased by the judge's instructions to disregard. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. West made no pretrial confession or statement and steadfastly denied his implication in the burglary and shooting.

■ Olds claims that he is in the same position as West and that the reasoning of West should apply to him. We find no merit to this claim. Olds made a pretrial confession in which he implicated himself. His confession was apparently a pretty complete and truthful account of the whole sordid tragedy. Monts in his confession in exculpating himself and inculpating West did not implicate Olds any more than Olds implicated himself. He was not prejudiced by the introduction of Monts' statement. Olds repudiated his confession at the trial and now claims that it was coerced. We will consider this claim later in this opinion.

■ In the same connection Olds claims that he was denied his constitutional right to a fair trial for the reason that the trial judge did not grant his motion for a severance for a separate trial from his co-defendants. This is a matter of discretion with the trial judge. As we have shown in the preceding paragraph Olds was not prejudiced by the introduction at the trial of Monts' confession. There was no abuse of discretion on the part of the trial judge in the denial of this motion.

■ It is the law of Tennessee that granting a severance to one of several co-defendants is a matter of discretion with the trial judge. In the review of the second trial of Monts and West the Supreme Court held that there was no abuse of discretion on the part of the trial judge in refusing to grant a severance to Monts and West. 400 S.W.2d 722, 731. There would be less reason to grant a severance to Olds in view of his confession.

■ We find no merit to Olds' claim that his confession was coerced. The district judge conducted a hearing and took the testimony of Olds and Inspector Swann of the Memphis Police Department who took the statement. Olds' claim of coercion was based largely on his mental condition. He had family problems and about a month before it is claimed that he was taken from the Memphis-Arkansas bridge where he attempted suicide. He testified that he was denied the right to shave and not given coffee, etc. He was not able to

---

1. It appears that West was tried a third time, found guilty, and sentenced to imprisonment for 99 years.

sleep due to interruptions and being taken at various times for interrogation. He was not threatened and was given no promises. He was not physically mistreated and had no mental abuse of consequence. His case would rest on a totality of circumstances rather than any specific acts. The testimony of Inspector Swann would entirely negate any coercion.

At the trial Olds repudiated his confession but not for the reason that it was coerced but that it was voluntarily given for the purpose of claiming the reward that was offered for the arrest and conviction of the murderers of Police Officer Bruno. He now says for the first time that his confession was coerced. Thus he creates two issues of fact. Is he telling the truth now or did he tell the truth at the trial when he said he made his confession for the purpose of claiming the reward? Did he tell the truth at the trial when he said he confessed for the purpose of obtaining the reward or was the confession true? Obviously the jury chose to believe the truth of the confession.

The district judge found that the evidence did not support Olds' claim that the confession was coerced. We agree. There is ample evidence to support the view that the confession was freely and voluntarily given for the truth of its subject matter.

■ The remaining claims of the appellant are that he was denied his constitutional right to a fair trial because the trial judge refused to instruct the jury on the law of circumstantial evidence and that he did not have the effective assistance of counsel for the reason that his lawyer did not perfect an appeal of his conviction. We will consider these two claims under the subject of denial of right to appeal.

Olds' counsel withdrew his motion for a new trial at the time the motions of Monts and West were being heard and thus foreclosed Olds' right to appeal. Counsel justified, to his client, the withdrawal of the motion for new trial on the ground that he felt that after the other cases were finally settled he could get some relief on his behalf. Just what counsel had in mind is not clear but it is obvious that he could not get legal relief by way of direct appeal.

We surmise that counsel reasoned that he had better let well enough alone. Since the co-defendants received death sentences, a retrial of his client, should he succeed in getting one, might also result in the death penalty. At this time North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) had not been decided. In that case the court held that a retrial could not result in a more severe penalty than was given in the first trial. In Michigan v. Payne, 412 U.S. 47, 93 S.Ct. 1966, 36 L.Ed.2d 736 (1973) it was held that *Pearce* was not retroactive. On the same day the Supreme Court decided Chaffin v. Stynchcombe, Sheriff, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714, in which it held that *Pearce* was not applicable in cases where the jury fixes the penalty and the jury does not know of the prior penalty and the second sentence is not otherwise shown to be a product of vindictiveness. Counsel might well have been apprehensive of the more drastic penalty in a retrial. Whether or not he discussed this with his client, it can hardly be said that he was not effectively representing him.

Olds' complaint that he was denied an appeal focuses on the reversal of Monts and West by the Supreme Court of Tennessee for the failure of the trial judge to instruct the jury on the law of circumstantial evidence. In Monts v. State, 214 Tenn. 171, 379 S.W.2d 34 the Court held that under Section 40–2517 of the Tenn. code, a lawyer desiring further instructions must submit them to the court in writing. The Court held that this applied to circumstantial evidence where there was both direct and

circumstantial evidence in the case. Circumstantial evidence was not regarded as a fundamental defense. Counsel for West and Monts had both submitted in writing requests for special instruction on circumstantial evidence. The Court held that the failure of the trial judge to give these instructions to the jury was reversible error.

It is interesting to note that it was not until on a second petition for rehearing that it was established that Monts' counsel had made a written request for such a charge. It was not in the original record and in the opinion his appeal was denied for the failure to make such a request. In support of the second petition for rehearing the Clerk of the Criminal Court filed with the Clerk of the Supreme Court a certificate showing that such a request was made at the trial on behalf of Monts.

We do not find in the record that counsel for Olds made a written request for special instructions to be given to the jury on the law of circumstantial evidence. In this state of the record, under the applicable law of Tennessee, Olds' case would not have been reversed as was Monts and West. There is no merit therefore to Olds' complaint that he was denied the right of appeal.

The district judge held that there was a waiver of a right to appeal on the advice of retained counsel.

In exhausting his state remedies the Court of Criminal Appeals of Tennessee also held that the appeal was waived by retained counsel. The Court said,

"There is no merit to the claim of appeal deprivation in the context of this case. The appeal was clearly waived. See State ex rel. Johnson v. Heer, 219 Tenn. 604, 412 S.W.2d 218."

We conclude that either on the basis of waiver or the failure of Olds to show any prejudice his complaint that he was denied the right to appeal is without merit.

Judgment of the District Court affirmed.