STATE OF IOWA, Appellee, v. JOHN W. BOOTH, Appellant.

**Perjury**: INCOMPETENT EVIDENCE. PREJUDICE. In a prosecution
1    for perjury, the error in admitting certain improper testimony,
     though prejudicial to the defendant, is held to be cured by
     subsequently striking it from the record and instructing the
     jury to disregard it, there being other evidence of like import
     admitted without objection.

**Offer of Privileged Witness**: REVERSAL. The fact that the state
2    offers as a witness defendant's physician, who treated him for
     the alleged injury but who is not permitted to testify over
     defendant's objection on the ground of privilege, is not suffi-
     cient to warrant a reversal.

*Appeal from Howard District Court.*—HON. A. N. HOBSON,
Judge.

SATURDAY, OCTOBER 31, 1903.

INDICTMENT for perjury. Defendant, having been ad-
judged guilty, appeals.—*Affirmed.*

*H. T. Reed* and *C. W. Reed* for appellant.

*C. W. Mullan,* Attorney General, and *C. A. Van
Vleck,* Assistant Attorney General, for the State.

PER CURIAM—The indictment alleges, in substance,
that on the 1st day of August, 1898, in Howard county,
Iowa, in a preliminary examination pending before a
justice of the peace, wherein one H. H. Perkins was
charged with an assault with intent to commit murder,
the defendant herein was the complaining witness, and,
upon being duly sworn in such proceeding, falsely testified
that on the evening of July 12, 1898, the said H. H.
Perkins assaulted and shot him, the said Booth. The
judgment of conviction on this charge of perjury the de-
fendant seeks to reverse upon several grounds.

I.   Objection is made to the form and sufficiency of
the indictment. It appears, however, that in all essential
respects the indictment follows the precedent approved in

*State v. Schill*, 27 Iowa, 263, and, as we are content to adhere to that authority, the point made by appellant in this respect cannot be sustained.

II.   A son of H. H. Perkins, testifying as a witness for the state, was permitted, over the appellant's objections, to state that prior to the time when Perkins was 

1. INCOMPETENT evidence. prejudice. charged to have shot Booth the latter proposed to said witness to meet the old man (Perkins) somewhere, and then swear that he (Perkins) shot at them, adding, by way of inducement to such scheme, that, "We will get a pretty good stake not to appear against him." On the day after this testimony was admitted, and near the close of the trial, the court, having concluded that the evidence was not admissible, ordered it excluded, and directed the jury to give it no consideration, which direction was repeated in the formal charge given to the jury at the conclusion of the trial. It is contended that the error resulting to the appellant from the admission of this testimony is not cured by the subsequent order of exclusion. That error in the admission of improper evidence may be cured by its withdrawal from the jury and by proper instructions in relation thereto has frequently been held. *State v. Postlewait*, 14 Iowa, 446; *State v. Helm*, 97 Iowa, 382; *Egan v. Murray*, 80 Iowa, 185. It is true, however, that this rule is not of universal application, and the cases are quite numerous in which the evidence admitted has appeared to be of such exceptionally injurious character that, having once been impressed upon the mind and memory of the jurors, no subsequent change of ruling by the court could eradicate the prejudice thereby created. *Whitsett v. Railroad*, 67 Iowa, 150; *Jones v. Association*, 92 Iowa, 652. We have, then, to inquire whether the testimony was of such peculiarly objectionable character as to bring it within the exception which we have noted to the general rule. Its tendency, if believed by the jury, was to

show that appellant harbored evil designs against Perkins prior to the date when he charged the latter with shooting him; and, if there were no other evidence bearing in the same general direction, it could well be believed to have had much influence in securing the verdict of guilty. But an examination of the record discloses an abundance of testimony, admitted without objection, showing, that the relations between Booth and Perkins had long been of a very hostile character, and the story related by Perkins' son constituted but one of numerous circumstances from which the jury might have have inferred the existence of a malicious purpose on part of the defendant. In our judgment, therefore, the recital of this alleged conversation, followed as it was, by the court's order striking it from the evidence, and by explicit instructions to the jury to disregard it, affords no ground for reversal. The ordinary presumption is that the jury obeys the direction of the court, and we find nothing in the case before us to characterize it as an exception to that rule.

III.     The instructions of the court as to the sufficiency of corroborating testimony in support of the charge of perjury are criticised by counsel. The paragraph especially referred to appears to have been copied from an instruction approved by this court in *State v. Raymond*, 20 Iowa, 582. The language employed (as is noted in the cited case) is not happily chosen, by reason of its somewhat ambiguous statement, and should, we think, be avoided by trial courts; but the correct principle is not so obscured that we feel justified in disregarding the precedent, and holding the giving of the instruction to have been erroneous. An instruction offered by the appellant upon the question of corroborating testimony contains a fair statement of the correct rule, and might well have been given to the jury; but the rule therein stated is, we think, substantially contained in the instruction given upon the court's own motion as the same is interpreted in the *Raymond Case.*

IV.   A physician who treated the appellant for the injury which he claimed to have received at the hands of Perkins was offered as a witness by the state, and upon the objection of the defendant his testimony was excluded under the statute relating to information received in professional confidence.   It is said this offer was in itself such error as will justify a reversal, and in support of this contention we are cited to *McConnell v. Osage*, 80 Iowa, 293.   The cases are not parallel in fact or principle.   In the *McConnell Case* the plaintiff upon cross-examination was asked and compelled to answer under oath whether she was willing to waive the statutory objection to the testimony of her physician, and this we held to be error.   Had the defendant in that case done no more than to offer the physician as a witness in its own behalf, and left it to the plaintiff or her counsel to make or waive the objection to his competency, we think no error would have been committed. The mere offer of testimony which is competent and material in itself, but is excluded only because of the incompetency of the witness, does not, ordinarily at least, afford any ground for the assignment of error.   What may be the rule in exceptional cases where the offer is made in evident bad faith merely to force a party into apparent discredit before the jury, we need not here consider.

2. OFFER of privileged witness; reversal.

V.   It is urged finally that the verdict is without sufficient support in the evidence.   It would be unprofitable to attempt to review all the testimony in detail.   The fact that appellant did testify to the alleged shooting is not disputed.   Perkins denied the truth of the charge, and his denial was corroborated by proof of numerous circumstances, thus presenting a question of fact peculiarly within the province of the jury.   True, the denial by Perkins is not in all respects responsive and direct, but, given its most favorable construction, it is quite complete. The verdict is not without support in the evidence, and

we cannot interfere with it simply because as jurors we might have reached a different result.

The judgment of the district court is therefore AFFIRMED.