William TALLO, Defendant, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6396.

United States Court of Appeals
First Circuit.

Heard Dec. 7, 1964.

Decided April 28, 1965.

Joseph F. Baffoni, Cranston, R. I., for appellant.

Frederick W. Faerber, Jr., Asst. U. S. Atty., with whom Raymond J. Pettine, U. S. Atty., was on brief, for appellee.

Before WOODBURY, Chief Judge, ALDRICH, Circuit Judge, and CAF-FREY, District Judge.

CAFFREY, District Judge.

This is an appeal by William Tallo who was convicted after a jury trial on a two-count indictment charging violations of 18 U.S.C. § 495. It is alleged that on July 25, 1962 appellant uttered and published as true the purported endorsement of one Lena Ostrowski on each of two $1,000 denomination Series E United States Savings Bonds with intent to defraud the United States.

Appellant urges several grounds for reversal, the first of which is the refusal of the trial court to strike a non-responsive answer elicited by counsel for the defendant on cross-examination of the witness Lena (Ostrowski) Burns, and the denial of a motion for mistrial made immediately after the denial of the motion to strike.

It appears from the record that the witness Lena O. Burns is the mother of Sophie Tallo, appellant's wife. Mrs. Burns testified that Sophie Tallo was living with her at the time of the trial, immediately after which the following testimony appears of record:

"Q. Before she came to live with you, with whom did she live?

"A. Well, first she lived by herself. I furnished her a four-room house while Mr. Tallo was in jail.

"Mr. Baffoni: I move that this be stricken and I have a motion * * *

"The Court: It was a responsive answer. I will allow it to stand * * *"

(Bench Conference)

"Mr. Baffoni: I move that this case be taken from this jury and passed at this time. The reference to the fact he was in jail I think is very damaging, very detrimental. I don't think that was in response to the question. I think the question very clearly should have been answered without reference to the fact that he was in jail.

"The Court: It may have been but the witness not being familiar with court procedures was apparently stating the facts as she knew them. The Court I think will be able to instruct the jury properly as to any possible effect of such statement. Motion denied. The defendant's objection is noted."

(Bench conference concluded.)

▮ The question which elicited the objected-to answer addressed itself to the identity of the person or persons with whom Sophie Tallo lived prior to the time she lived in the home of the witness. A responsive answer to a question asking for the identity of a person or persons should contain the name, names or other identification of persons with whom Mrs. Tallo was living at the time referred to in the question. Such a question cannot be construed as inquiring anything whatsoever about the whereabouts of the defendant at any time, or as seeking to elicit any information as to whether he was in custody or at large in the community at any given time. Nor did it seek any information about persons such as Mr. Tallo who were not living with the witness. The portion of the answer "while Mr. Tallo was in jail" is clearly non-responsive, and the Court's ruling that "it was a responsive answer" was erroneous.

The Government seeks to uphold the court's ruling on the basis of Reed v. United States, 51 F.2d 941, 943 (8th Cir. 1931), which held that a trial court did not err in allowing a witness' answer to stand, since defense counsel there did not specify the part of the answer he wished stricken and it appeared to the appellate court that the non-responsive part of the answer in any event did not prejudice the defendant under the circumstances of that case. We think the instant case differs significantly from Reed. Here, defense counsel was simply starting an inquiry designed to bring to the jury's attention a family rift between the defendant, on the one hand, and the defendant's wife and mother-in-law, on the other. He was trying to show the witness' hostile state of mind, a subjective factor, not the objective fact that the defendant's wife was living by herself "while Mr. Tallo was in jail."

▮ Where, as in this case, the defendant elected not to take the stand, the reference to his having been in jail, standing alone and unexplained, could only be prejudicial. On the record of this case, "there is a reasonable possibility that the evidence complained of might have contributed to the conviction." Fahy v. State of Connecticut, 375 U.S. 85, 86–87, 84 S.Ct. 229, 230, 11 L.Ed. 2d 171 (1963).

The Government's argument, also based on Reed, that the objectionable part of the answer of Lena O. Burns was not sufficiently specified, is pure sophistry. It is perfectly clear what part of the answer was deemed objectionable, both from the answer itself and from the colloquy at the bench.

A fact situation almost identical to that involved herein arose in the case of United States v. Stromberg et al., 268 F.2d 256, 269 (2 Cir. 1959), cert. denied 361 U.S. 863, 80 S.Ct. 119, 4 L.Ed.2d 102, where in the course of a trial a witness under cross-examination blurted out a non-responsive answer with reference to the defendant Nathan Behrman, "At that time Nathan was in jail." The trial judge immediately struck out the testimony and instructed the jury to disregard it, adding "You are to pay no atten-

tion to that remark in any way. You are to disregard it completely." The Court of Appeals for the Second Circuit ruled that the prompt instruction to disregard the answer cured the error and made the case distinguishable from United States v. Tomaiolo, 249 F.2d 683, 695 (2 Cir. 1957).

While we are not prepared to rule that defendant's motion for mistrial should have been granted, nor that a corrective instruction on the spot would have been inadequate to cure any harm caused by the non-responsive answer, the conviction herein must be set aside and a new trial granted, both because the objectionable portion of the answer was not stricken and because the record indicates that no curative instruction was given immediately after the incident nor at any later stage in the trial.

■ Appellant further urges that he was prejudiced during the course of the trial because forced to claim his privilege against his wife's testifying in open court in the presence and hearing of the jury. The opinion of the Supreme Court in Hawkins v. United States, 358 U.S. 74, 79 S.Ct. 136, 3 L.Ed.2d 125 (1958), leaves no doubt as to the existence of a judicially created privilege in a defendant-husband to preclude his wife from testifying against him in a criminal case, even where the wife has indicated a willingness to do so. This privilege is said to be in furtherance of the policy of protecting marital relationships, no matter how turbulent, and defendant raises on this appeal the contention that he was denied the full benefits of this privilege by being forced to claim it in the presence of the jury.

There is a paucity of federal case law dealing with the ground rules controlling the claim of this particular privilege. State case law is in conflict as to whether or not a defendant in a criminal case may be required to claim his privilege in the presence of the jury. The practice has been sanctioned in State v. Booth, 121 Iowa 710, 97 N.W. 74 (1903) (patient-physician privilege), and in a group of civil cases cited in Note 1, p. 164, McCormick, on Evidence. The practice has been held improper in People v. Werner, 225 Mich. 18, 195 N.W. 697 (1923) (spousal privilege); Norwood v. State, 80 Tex.Cr. 552, 192 S.W. 248 (1917) (marital communications privilege). The more recent state court rulings would indicate that the trend is toward not requiring the defendant to claim the privilege in the presence of the jury. See State v. Brown, 14 Utah 2d 324, 383 P.2d 930 (1963); State v. Brown, 16 Utah 2d 57, 395 P.2d 727 (1964); State v. Anderson, 35 N.J. 472, 173 A.2d 377 (1961) (dictum); People v. Ward, 50 Cal.2d 702, 328 P.2d 777, 76 A.L.R.2d 911 (1958) (dictum).

However, the proper handling of this claim of privilege would seem to be indicated by those decisions which have said it is improper to require a defendant to claim other privileges in the presence of a jury. United States v. Tomaiolo, 249 F.2d 683, 690 (2 Cir. 1957) (attorney-client and husband-wife confidential conversation privileges); McClanahan v. United States, 230 F.2d 919, 926 (5 Cir. 1956), cert. denied 352 U.S. 824, 77 S.Ct. 33, 1 L.Ed.2d 47 (attorney-client privilege); United States v. Cotter, 60 F.2d 689, 691 (2 Cir. 1932), cert. denied 287 U.S. 666, 53 S.Ct. 291, 77 L.Ed. 575. But see Bisno v. United States, 299 F.2d 711, 720–721 (9 Cir. 1961), cert. denied 370 U.S. 952, 82 S.Ct. 1602, 8 L.Ed.2d 818. We believe that a correct view with regard to the exercise of this privilege is expressed in the concurring opinion of Judge Hamley in the Bisno case (p. 723) where he observed:

"Where such privilege has been exercised, the established principle which permits an inference that the excluded testimony would be unfavorable to the party who suppressed it ought to yield, as being inconsistent with the full exercise of the privilege. See Wigmore [on Evidence, McNaughton Revision, 1961], § 2243, page 259.

\* \* \* \* \* \*

" \* \* \* As long as the privilege is recognized it ought not to be sub-

stantially undermined by permitting, in connection with its exercise, the usual inference with respect to the failure to produce available evidence."

Consequently, if there is a retrial, defendant should be given an opportunity to claim the privilege against spousal testimony in the absence of the jury.

 Also, against the possibility of a retrial, it should be noted that appellant's argument that photostatic copies of the bonds allegedly forged were admitted in violation of the best evidence rule is without merit, since there was evidence from which the trial court could make a preliminary finding that the originals were no longer in existence or available. Taylor v. United States, 296 F.2d 446, 111 U.S.App.D.C. 324 (D.C.Cir. 1961). There is no basis for claiming any wrongful disposition of these records by Government agents.

Defendant-appellant's other contentions do not warrant discussion.

The judgment of the District Court is vacated, the verdict is set aside, and the case is remanded to that court for further proceedings consistent herewith.