**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Daniel J. GREENE, Defendant-Appellant.**

**No. 18020.**

United States Court of Appeals
Sixth Circuit.

Aug. 8, 1968.

Edward R. Brown, Cleveland, Ohio, for appellant.

Dominic J. Cimino, Cleveland, Ohio, Merle M. McCurdy, U. S. Atty., Cleveland, Ohio, on the brief, for appellee.

Before CELEBREZZE and McCREE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER. CURIAM.

This is an appeal from conviction after a jury trial on five counts of a seven count indictment charging violations of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 501(c), § 439 (b), § 439(c), and conspiracy to violate

its provisions, 18 U.S.C. § 371. Counts 1, 3, and 4, of which appellant was convicted, charged embezzlement of $296.46, $5000 and $6000 respectively of the funds of the International Longshoremen's Association, Local No. 1317 and the remaining counts, 5 and 6, charged defendant with making a false statement in a financial report.

■ The appeal presents several issues including contentions relating to cross-examination of defendant on irrelevant and highly prejudicial matters, to the Jenck's Act, 18 U.S.C. § 3500, to denial of access to grand jury minutes, and to the sufficiency of the evidence to support the verdict. We hold that the cross-examination of appellant was irrelevant, and so highly prejudicial that it tainted the proceedings and that the commendable efforts of the trial judge failed to correct the error. Because of this determination, we find it unnecessary to discuss the other issues presented.

The jury was impanelled and sworn, and at the conclusion of the Government's case, on May 26, 1966, appellant took the stand in his own behalf and testified on direct examination for about a half day. Then, for the balance of the day and again when the trial was resumed on June 6, 1966, over objection, appellant was questioned at length about his union expense account, no irregularities concerning which were charged in the indictment. This line of questioning showed a free-spending practice and included entertainment in restaurants, bars, motels (where shirts and swimsuits were charged to the union), night clubs, and boxing matches. Frequent reference was made to the purchase of liquor. The United States Attorney concluded this line of inquiry with a summary question, which defendant answered affirmatively over objection, which told the jury that over an 18 month period he had charged to his local more than $19,000 of expenditures of this nature. Two days later, the trial judge who entertained a defense motion for a

mistrial appropriately characterized this testimony in the following language:

> There is no question in my mind that the cross-examination to which I referred was inflammatory in nature and could have a devastating, prejudicial effect upon the defendants. The question then becomes whether you can, under proper instructions, disregard this testimony as though it never occurred at this trial.

He then inquired of the jurors if they could dispel the cross-examination from their minds *if* he should instruct them to do so. They all answered individually that they would be able to do so.

Two days later, he instructed the jury that the testimony with regard to expenditures for food, liquor and entertainment was inadmissible and should be disregarded. Appellant's co-defendant was acquitted. Appellant was sentenced to one year's imprisonment on each of the five counts of which he was convicted. The sentences are to be served consecutively.

■ Although the general rule is that the subsequent striking of erroneously admitted evidence accompanied by a clear and positive instruction to the jury to disregard it cures the error, in United States v. Farber, 336 F.2d 586, 589 (6th Cir. 1964) we quoted with approval the following language from Dolan v. United States, 218 F.2d 454 (8th Cir. 1955):

> If the evidence is of such an exceptionally prejudicial character that its withdrawal from the consideration of the jury cannot remove the harmful affect caused by its admission, a new trial will be granted.

On this record, under the test laid down in Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), the prolonged recital of appellant's sybaritic living off his union's expense account could only prejudice a jury asked to consider whether he had embezzled its funds or falsified its financial records.

The error was such that even an immediate striking of the testimony from the case and a curative instruction would not have removed its prejudice. Nevertheless, we observe that it is better practice for the court to take such action immediately upon determining the fact of inadmissibility instead of delaying until later in the trial. See United States v. Duff, 332 F.2d 702 (6th Cir. 1968). The judgment of conviction is reversed and the case remanded for a new trial.