**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jerry Gene SMITH, Defendant-Appellant.**

**No. 18364.**

United States Court of Appeals
Sixth Circuit.

Nov. 20, 1968.

---

Milton M. Livingston, Jr., Paducah, Ky., for defendant-appellant.

Philip Huddleston, Ernest W. Rivers, U. S. Atty., Louisville, Ky., for plaintiff-appellee.

Before WEICK, Chief Judge, COMBS, Circuit Judge, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

The defendant-appellant, Jerry Gene Smith, hereinafter referred to as defendant, was convicted in the United States District Court for the Western District of Kentucky, on the second count of an indictment charging him with knowingly receiving and concealing a stolen Cadillac automobile, in violation of Section 2313, Title 18, U.S.C. In the same trial he was acquitted on the first count of the indictment which charged him with knowingly transporting a stolen Cadillac automobile from St. Louis, Missouri, to Murray, Kentucky, in violation of Section 2312, Title 18, U.S.C.

A first trial of the defendant on the indictment resulted in a "hung" jury. A conviction on both counts of the indictment in a second trial was reversed[1] by this Court on the ground that the defendant's counsel did not have sufficient time to prepare his defense. The appeal now before us is from the conviction on the second count of the indictment in a third trial.

The question presented on this appeal is whether the trial judge committed error in admonishing the jury to disregard a witness' statement concerning the defendant's prior confinement in the penitentiary instead of granting a mistrial.

The defendant had asked his friend, Cleatus McDaniel, if he would take the automobile which is the subject of the indictment herein and sell it for him. He agreed. McDaniel was called as a government witness and the objectionable testimony grew out of the questioning of the prosecutor, as follows:

"Q. Did he say why he wanted you to sell the car for him?

"A. Yes, sir. I just got through telling you. He said he had everything he had tied up in it and he needed his money.

"Q. Well, did he say why he wanted you instead of him to sell it?

"A. Yes, he did.

"Q. What was that?

"A. Well, he said that people didn't —I mean, I could sell it better—that he didn't have—I mean, a lot of people wouldn't have confidence in him like they would me.

"Q. Did he say why people wouldn't have confidence in him?

"A. Well, he knew and I did, too.

"Q. Why is that? Did he say why?

"A. He just got out of the penitentiary, and a lot of people wouldn't do it."

Counsel for the defendant moved for a mistrial which was denied. The trial judge after determining that the statement of the witness was not a part of the defendant's conversation admonished the jury, as follows:

"Members of the jury, you will completely disregard the statement that this witness has made as to why a prospective buyer might not have as much confidence in this defendant as they would have in this witness. You will completely disregard that voluntary statement made by this witness

---

I. The judgment was vacated and the case remanded for new trial by order dated June 12, 1967, on confession of error by counsel for the government.

and disassociate it from your minds completely."

A similar admonition was given in the judge's charge to the jury.

The prosecutor says he was not "fishing" for the answer the witness gave and that he did not anticipate it. He seeks to justify the questions on the ground that similar questions were asked in the two previous trials without producing the same result. An examination of the questions in those trials does not show the same persistence on the part of the prosecutor. Viewing the record from where we sit, considering the persistence of the questions, it is difficult to understand what other answer the prosecutor could have expected. Because we are concerned with the prejudicial effect of McDaniel's statement, it is immaterial whether the actions of the prosecutor were intentional or otherwise. It is conceded that the answer of the witness constituted inadmissible testimony. The specific question before us is whether the prejudicial effect of this incompetent testimony was cured by the admonition of the judge.

Counsel for the defendant claims that the government had a weak case as demonstrated by the disagreement of the jury in the first trial and by the failure to convict on the first count of the indictment in the third trial. Because of this, he argues the testimony was more damaging than it would have been if the government had a stronger case. He further claims that the only evidence of guilty knowledge on the part of the defendant is the inference that the jury might draw from the testimony of his former record.

■ While the statement of the witness that the defendant had recently been released from the penitentiary would not in itself supply guilty knowledge, nor could an inference of guilty knowledge

be drawn from it, it would tend to create prejudice in the minds of the jurors. There is evidence from which the jury could infer that the defendant knew that the automobile was stolen but it is purely circumstantial.

■ Generally it is discretionary with the trial judge to determine whether instructions to disregard incompetent testimony is sufficient to avoid granting a mistrial. Reistroffer v. United States, 258 F.2d 379 (C.A. 8), cert. den. 358 U.S. 927, 79 S.Ct. 313, 3 L.Ed.2d 301; Leonard v. United States, 386 F.2d 423 (C.A. 5); Hardy v. United States, 119 U.S.App.D.C. 364, 343 F.2d 233, cert. den. 380 U.S. 984, 85 S.Ct. 1353, 14 L.Ed. 2d 276. In some cases it has been held that the error cannot be cured by instructions to the jury to disregard the testimony. Maestas v. United States, 341 F.2d 493 (C.A. 10); United States v. Rinaldi, 301 F.2d 576 (C.A. 2); Lawrence v. United States, 357 F.2d 434 (C.A. 10).

In determining whether the questionable testimony in this case was prejudicial to the defendant, we must take into consideration that the jury acquitted him on the charge of transporting a stolen automobile in interstate commerce and that the only evidence of the defendant's knowledge that he had a stolen motor vehicle in his possession was circumstantial.[2] It is not an easy matter to determine what effect the statement of the witness that the defendant had just been released from the penitentiary had on the jury. We believe under the facts of this case that the probability that the incompetent evidence affected the outcome of the jury verdict is so strong that it resulted in an unfair trial for the defendant.

We note in passing that in some recent cases, not factually similar, the Supreme Court has held that cautionary admoni-

---

2. Defendant was arrested while in possession of the stolen car. He had in his possession a stolen 1963 Cadillac title and a stolen I.D. tag to match. The title was faultily endorsed and signed by a fictitious person. The actual number of the auto- mobile and its description did not correspond with the title and I.D. tag which defendant had in his possession. He appeared to be using dealer's license plates without permission.

tions of a trial judge are ineffective to erase from the minds of jurors the effects of incompetent and potentially prejudicial testimony. See Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476; Marshall v. United States, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250. We conclude that in this case the cautionary instructions of the trial judge could not eradicate the prejudice from the minds of the jurors. This is not to hold that in all cases cautionary instructions are not effective to cure defects in trial procedure.

Judgment reversed and case remanded for new trial on count two of the indictment.