**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Lawrence Simon POSTON, Defendant-Appellant.**

**No. 20063.**

United States Court of Appeals, Sixth Circuit.

Aug. 18, 1970.

Joe J. Harrison, Jr., Chattanooga, Tenn. (Joe J. Wild, Jr., Chattanooga, Tenn., on the brief), for appellant.

George H. Garrett, Chattanooga, Tenn. (John L. Bowers, Jr., U. S. Atty., Chattanooga, Tenn., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.

PECK, Circuit Judge.

On the evening of September 3rd, 1968, a truck belonging to the defendant-appellant (hereinafter "defendant") was stolen, and he promptly reported its theft to the police. Later that evening it was discovered. It was loaded with stolen building material which was removed from the truck, which was then driven to police premises. On the following day, police noticed and opened a small tool box which was on the truck and found it to contain tools stolen from the United States. The defendant was indicted and brought to trial on a charge of theft of government property (the tools) of a value not in excess of $100, in violation of 18 U.S.C. § 641, and perfected this appeal from the judgment of conviction following a jury verdict of guilty.

A special agent of the Federal Bureau of Investigation testified for the government, and the following is an excerpt from his testimony:

"Q. Did he relate any conversation with the officer that he had?

"A. Yes, he did. He said that the officer advised him that these tools could possibly constitute a felony and in explanation he said that he was buying these tools from his employer. He told me that he was shook up by the officer's approach to him on this thing, the fact that it was possibly a felony, that he was on probation and that this might revoke his probation.

"[Asst. United States Attorney]: I believe that is all.

"[Defense Counsel]: May it please the Court, we would like to ask that the jury be excused.

"THE COURT: All right. Ladies and gentlemen, step out a moment, please.

"(Thereupon, the jury was excluded from the courtroom and in its absence the following proceedings were had, to-wit:)

"[Defense Counsel]: May it please the Court, we would like at this time to move for a mistrial because we think it is highly prejudicial, any statement about any defendant being on probation. I think [the Special Agent] knows better than this, he is an attorney, but this is so highly prejudicial and would preclude this defendant from getting a fair and impartial trial in the hands of this jury.

"THE COURT: All right. I believe the motion should be overruled. May we have the jury returned?"

The principal issue presented on this appeal concerns the volunteer statement, which was clearly not responsive to the question asked, indicating that at the time he was interrogated about the offense the defendant was on probation, and the specific question is whether if evidence of that fact was inadmissible prejudicial error occurred. We first make short shrift of the government's after-the-fact contention that the evidence was admissible. In its brief it concedes that evidence of a collateral crime unconnected with the offense charged is inadmissible (citing, United States v. Birns, 395 F.2d 943 (6th Cir. 1968)), but argues that defendant's admission that he was on probation was admissible as an explanation of his inconsistent statements. The inconsistency is between defendant's first statement to the agent that he had bought the tools

and his subsequent statement to him that he had taken them home from the plant, but explaining such inconsistency was certainly no responsibility of the government's, nor does that explanation add to its case in any way. That the government never intended to offer this evidence as a portion of its case is readily apparent from a reading of the excerpt above quoted, and we hold that the evidence does not fit into any exception now suggested by the government.

■ As indicated above, the trial court denied the motion for a mistrial without giving any instruction to the jury concerning the accused statement. After both sides had rested and prior to the general charge to the jury, the judge stated that he proposed "to instruct the jury to disregard that testimony unless counsel for the defense would prefer that the Court not make any reference whatsoever to the testimony." Defense counsel responded, "[W]e feel like the damage has already been done and should the Court instruct the jury about it, it would just make it that much more in their mind. We don't feel like it can be erased." Presumably because of counsel's expressed position the trial judge made no specific reference to the subject in the general charge to the jury, but he did include the following sentence in the instructions: "In this case you would try the defendant only upon the offense that is charged here and if any witness may have testified as to any other matters you would totally disregard that testimony and not allow that testimony to in any way influence your decision in this case or with regard to this specific charge in this case." We hold that this instruction could not cure any error which may have occurred. Thus in legal effect we consider a situation in which inadmissible testimony of a prior conviction was received by the jury without any cautionary instruction, either immediately or in the general charge, having been given.

In United States v. Smith, 403 F.2d 74 (6th Cir. 1968) this Court was presented with a situation in which persistent questioning by the prosecutor had elicited testimony establishing that the defendant "just got out of the penitentiary." As in the present case, the defendant's attorney immediately moved for a mistrial, but in *Smith* after denying the motion the trial judge admonished the jury to "completely disregard the statement that this witness had made." Following conviction and appeal to this Court, we reversed and remanded the case for a new trial. Speaking for the Court, Judge Cecil stated (p. 76):

"It is not an easy matter to determine what effect the statement of the witness that the defendant had just been released from the penitentiary had on the jury. We believe under the facts of this case that the probability that the incompetent evidence affected the outcome of the jury verdict is so strong that it resulted in an unfair trial for the defendant.

"We note in passing that in some recent cases, not factually similar, the Supreme Court has held that cautionary admonitions of a trial judge are ineffective to erase from the minds of jurors the effects of incompetent and potentially prejudicial testimony. See Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476; Marshall v. United States, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250. We conclude that in this case the cautionary instructions of the trial judge could not eradicate the prejudice from the minds of the jurors."

Judge Cecil had observed earlier in the opinion that whether the prosecutor had intentionally brought out the fact that defendant had been in the penitentiary was immaterial, and we are similarly here not concerned with the fact that the accused statement was clearly not sought by the question asked the agent. As in *Smith*, the answer of the witness constituted inadmissible testimony. In *Smith* it is stated that the sole issue presented was whether the "prejudicial effect [of the inadmissible testimony] was cured by the admonition of the judge" and it is thus clear that the opin-

ion is bottomed on the conclusion that the jury's exposure to the incompetent testimony constituted prejudice.

In Sumrall v. United States, 360 F.2d 311 (10th Cir. 1966) a police officer testified, "[W]e advised [the defendants] that we were going to check their records, and being that they admitted that they had one." An objection based on the ground that the answer was prejudicial and inflammatory was overruled by the trial judge on the basis that the officer was merely explaining why the defendants were taken to the police station. In vacating the subsequent judgments of conviction and remanding for retrial, the Court speaking through Chief Judge Murrah stated (p. 313): "The motion was concededly well taken, and the court undoubtedly should have stricken the answer and instructed the jury not to consider it." Again, the decision of the court was a fortiori bottomed on its conclusion that the mere reference in the presence of the jury of the fact that appellants had "records" constituted prejudice.

A case even more directly in point is Tallo v. United States, 344 F.2d 467 (1st Cir. 1964). Therein a witness testified, "I furnished [defendant's wife] a four-room house while Mr. Tallo was in jail." Defense counsel made an immediate motion out of the hearing of the jury "that this case be taken from this jury and passed at this time," but the trial judge overruled the motion without giving any admonition to the jury. In vacating the judgment of conviction and remanding the case to the District Court the Court of Appeals stated (p. 469):

> "While we are not prepared to rule that defendant's motion for mistrial should have been granted, nor that a corrective instruction on the spot would have been inadequate to cure any harm caused by the non-responsive answer, the conviction herein must be set aside and a new trial granted, both because the objectionable portion of the answer was not stricken and because the record indicates that no curative instruction was given immediately after the incident nor at any later stage in the trial."

In the present case, where (as in Tallo) no admonition was given, the judgment could only be confirmed on the basis of a conclusion that as a matter of law the volunteer statement was without prejudicial effect. This conclusion would be in direct conflict with our own determination in Smith, since in present context incompetent testimony of previous penitentiary commitment and the existence of a probationary status are the same, conviction of a crime being a prerequisite to each. The incompetent testimony in both Sumrall and Tallo rises only to a lesser plateau of prejudice since possession of either a "record" or commitment to a jail might result merely from arrests and do not necessarily rise to the level of previous convictions.

As in Tallo, we do not here conclude that the motion for a mistrial in the present case need necessarily to have been sustained, nor do we hold that a corrective admonition could not have had curative effect. We recognize the salutatory rule that empowers the trial judge to exercise discretion in determining what curative instruction is required (subject, of course, to appellate approval of his exercise of discretion on review), and hold only that when during a jury trial evidence of the fact that at the time of the alleged offense for which the defendant is on trial he was on probation, and no corrective or cautionary instruction concerning that evidence is given to the jury, prejudicial error has intervened. See United States v. Smith, supra, 403 F.2d 74 (6th Cir. 1968); United States v. Nemeth, 430 F.2d 704 (6th Cir., 1970); see also United States v. Greene, 400 F.2d 847 (6th Cir. 1968).

In accordance with the foregoing, the judgment of the District Court is reversed and the case is remanded with instructions to grant the appellant a new trial.