**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Melvin Dennis McCOY and David Wayne
Rice, Defendants-Appellants.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Harry Lee MATNEY, Defendant-
Appellant.**

Nos. 72–1287, 72–1286.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 16, 1972.

Decided Jan. 18, 1973.

Thomas V. Handy (Court appointed) London, Ky., for Harry Lee Matney. John M. Lawrence (Court appointed), Duerson & Lawrence, Berea, Ky., for Melvin Dennis McCoy and David Wayne Rice.

Eugene E. Siler, Jr., U. S. Atty., William D. Kirkland, Asst. U. S. Atty., Lexington, Ky., for plaintiff-appellee.

Before EDWARDS and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

Harry Lee Matney, Melvin Dennis McCoy and David Wayne Rice, defendants-appellants, appeal from a conviction, on three counts of a joint indictment, in the United States District Court for the Eastern District of Kentucky, at London.

The appellants were charged in count one with transporting goods and merchandise, a truck trailer, of a value in excess of five thousand dollars, in interstate commerce, from Elkton, in the State of Michigan, to Rockcastle County, in the Eastern District of Kentucky, knowing said truck-trailer to have been stolen. The second count charged that the appellants transported a stolen motor vehicle, a 1967 International truck-tractor, in interstate commerce from Atlanta, Georgia, to Florence in the Eastern District of Kentucky, knowing it to have been stolen. In the third count the appellants were charged with transporting a stolen motor vehicle, a 1967 International truck-tractor, in interstate commerce from Elkton, Michigan to Rockcastle County, in the Eastern District of Kentucky, knowing it to have been stolen.

The appellants were tried jointly before a jury and convicted on all three counts. The appellants were each given concurrent sentences of imprisonment for three years on each count of the indictment. There are two appeals; McCoy and Rice have appealed separately from Matney. We consider both appeals in this opinion.

One of Matney's assignments of error is that he was prejudiced in the minds of the jurors by questions of the prosecutor with reference to prior convictions of felonies. McCoy and Rice claim that they were also prejudiced by these questions.

On cross examination the prosecutor asked Matney if he had ever been convicted of a felony. He answered, "No, sir, I have not." The prosecutor then pursued the subject in the following manner.

q. "Were you convicted in 1966 of interstate transportation of stolen property?

a. I was not, to my knowledge, sir. I was never convicted of anything like it.

q. In Pittsburgh, Pennsylvania?

a. No, sir. Absolutely not.

q. Were you convicted in 1959 in Norfolk, Virginia of breaking and entering in the night time?

a. No, sir, I was not.

q. February 1st, 1959?

a. No, sir, I was not. The charge was reduced to trespassing, sir.

q. Well, let me ask you this: Were you convicted of criminal receiving and petit larceny in New York, New York in . . . ?"

At this point the trial judge interrupted for the reason that petit larceny was not a felony. No objections had been made by counsel.

At a conference at the Bench, the judge asked to see the prosecutor's "rap" sheet. This disclosed that there was no disposition of the "transportation of stolen property" and that the "breaking and entering in the night time in Norfolk, Virginia" was reduced to "trespass". The prosecutor held in his hand no proof of the commission of ·a felony by Matney and his questioning was improper.

Counsel for Matney objected on the ground that the prosecutor did not know whether the offenses he was reading off were felonies and requested the jury to be admonished. By agreement of all counsel the trial judge admonished the jury. The admonition was as follows:

"Members of the Jury, there's been no evidence here that this defendant —introduced here that this defendant has ever been convicted of a felony, and you are therefore admonished not to consider for any purpose the questions propounded by the United States attorney as to this issue. Don't consider that for any purpose. Just dismiss it from your minds."

Each counsel indicated that he had no objection to the admonition.

We consider whether this error affected the substantial rights of Matney or of McCoy and Rice. Rule 52 F.R.Cr.P.

■ It is undisputed that the tractor and trailer which are the subject of the counts of the indictment were stolen. It is also undisputed that the vehicles in question were transported in interstate

commerce as alleged in the indictment. All three of the appellants were in possession of these vehicles at the time of their arrest. There is a presumption that when one is in possession of an article recently stolen, he stole it unless he can satisfactorily explain his possession. United States v. Thompson, 422 F.2d 1104, 1107, (C.A.6); Prince v. United States, 217 F.2d 838, 839 (C.A.6); McAbee v. United States, 111 U.S.App. D.C. 74, 294 F.2d 703, 706 (C.A.D.C.); Pendergrast v. United States, 135 U.S. App.D.C. 20, 416 F.2d 776, 786–790 (C. A.D.C.) cert. den. 395 U.S. 926, 89 S.Ct. 1782, 23 L.Ed.2d 243; Lawrence v. United States, 400 F.2d 624 (C.A.9).

■ The question here is whether the appellants knew the tractor and trailer were stolen. They offered explanations which became questions for the jury to determine. The jury did not believe the explanations and the trial judge said the evidence of guilt was overwhelming. We agree. In view of the general rule[1] that a clear and positive instruction to the jury to disregard erroneously admitted evidence cures the error and the overwhelming evidence of guilt we conclude that the error here was harmless and did not affect the substantial rights of any of the appellants. Counsel for the appellants requested an admonition and indicated that they were satisfied with it as given by the judge.

■ In both of the appeals objection is made to the classification of the trailer as goods and merchandise and making it the basis of a separate count in the indictment. It is claimed that it should have been classed as a motor vehicle and merged with count three. We find no merit to this claim. It is a highly technical argument to argue that it is a motor vehicle rather than goods and merchandise. It was the subject of a separate theft from the tractor and did not become a part of the tractor even when· it was coupled to it. The two items

1. United States v. Simone, 205 F.2d 480, 483 (C.A.2); United States v. Henson,

365 F.2d 282, 284 (C.A.6); United States v. Greene, 400 F.2d 847, 848 (C.A.6).

were transported in interstate commerce. The sentence on count one runs concurrently with the other counts and the appellants are not prejudiced by a conviction on it.

As to the value of the trailer there was ample evidence that it was worth in excess of five thousand dollars.

Defendant Matney claims as error the introduction into evidence plaintiff's exhibit number one, the serial plate from a Thermo King air conditioner. There was evidence on behalf of the government that it was found in the pocket of appellant Matney's coat. Matney claimed the coat but denied that the exhibit had been in the pocket. There was sufficient evidence of Matney's possession to warrant its introduction and on Matney's denial it became a question for the jury.

The appellants McCoy and Rice claim that there was not sufficient evidence against them to warrant submission of the case to the jury as to them. We have previously discussed the evidence in connection with the questions concerning the commission of felonies by Matney.

The evidence is clear that due to illness McCoy did not go on the trip to Elkton, Michigan and therefore did not participate in the interstate transportation of stolen vehicles from Elkton, Michigan to Rockcastle County and Florence, Kentucky as charged in counts one and two. While we agree that McCoy was a part of the entire plan, counts one and two charge a specific offense in which McCoy did not participate. There is no charge of conspiracy to commit the offenses.

We reverse the convictions of McCoy on counts one and two. Otherwise there is ample evidence from which the jury could find that Rice and McCoy had knowledge that the transactions in which they were participating involved stolen vehicles.

Judgments affirmed except as to counts one and two against McCoy.