829 F.2d 39
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric SMEDES, Defendant-Appellant.
 No. 86-1702
 United States Court of Appeals, Sixth Circuit.
 September 11, 1987.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and WISEMAN,* Chief District Judge.
 PER CURIAM.
 
 
 1
 Eric Smedes was convicted in May 1986 of forty-six counts of mail fraud, in violation of 18 U.S.C. Sec. 1341 (1982), in connection with a scheme to defraud Blue Cross/Blue Shield of Michigan. He had been tried earlier and successfully sought reversal. United States v. Smedes, 760 F.2d 109 (6th Cir. 1985). Under the scheme, Smedes, who was at the time in charge of the data processing department of National Bio-Analytical Clinical Laboratories, altered billing information by changing case numbers and subtracting three months from the dates of service. He then submitted the altered information to Blue Cross/Blue Shield with the result that double payments were made for laboratory work. Smedes was sentenced to concurrent three-year terms on each of the forty-six counts.
 
 
 2
 Smedes raises five issues on appeal that he argues warrant a reversal of his conviction. First, he claims that testimony given at trial by Special Agent Mark Kight of the Federal Bureau of Investigation regarding a meeting to discuss plea bargaining was prejudicial and reversible error. Second, he argues that his sentencing was based on erroneous and inaccurate information. Third, he contends that remarks made during opening and closing arguments constituted reversible error because there was no evidence to support the statements. Fourth, he challenges the jury instructions regarding specific intent and appellate review. Fifth, he claims ineffective assistance of counsel.
 
 
 3
 First, we address Smedes's argument that the remark by FBI Agent Kight should have resulted in a mistrial. During the trial Kight testified about a number of statements made to him by Smedes. The challenged remark came on cross-examination when Kight was asked about statements made at a March 15, 1983, meeting. Defense counsel asked:
 
 
 4
 Well, didn't we go to the office and wasn't it your impression of that visit that you were being asked to continue your investigation, and determine whether Mr. Smedes had exhibited good faith with important people and that that would have a bearing in this case?
 
 Kight responded:
 
 5
 My impression of when we went to the meeting was that it was either a plea bargain agreement that was going to be initiated--
 
 
 6
 Kight was immediately interrupted and the court ordered the response stricken. No request was made for a mistrial or for a curative instruction to the jury. The defendant argues that no instruction was requested because it would have been insufficient.
 
 
 7
 Generally courts can cure the error of allowing inappropriate testimony by subsequently striking the statement and giving a cautionary instruction to the jury. United States v. Greene, 400 F.2d 847 (6th Cir. 1968). A new trial will be granted only if the evidence is so exceptionally prejudicial that its withdrawal from jury consideration cannot remove its harmful effect. Id. at 848. We decline to reverse on this issue because we find that taken in context, the answer was fairly responsive to the question asked, it was an isolated circumstance, and it was not elicited by the prosecutor. United States v. Grunsfeld, 558 F.2d 1231, 1242 (6th Cir. 1977).
 
 
 8
 Next, we consider Smedes's claim that the case should be remanded for resentencing because of the district court's failure to comply with the requirements of Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure. Rule 32(c)(3)(D) reads:
 
 
 9
 If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.
 
 
 10
 At the sentencing hearing, Smedes's lawyer objected to figures contained in the presentence report that purported to reflect the amount of profit realized by Smedes from the fraud. The report stated that as a result of Smedes's actions, Blue Cross/Blue Shield was billed fraudulently for approximately $200,000. Further, the report stated that the government believed that Smedes had personally received at least $30,000 from the scheme, although the indictment enumerated losses totalling only $5,788. Defense counsel disputed both the $30,000 and $200,000 figures. Smedes argues that because allegations of inaccuracy were made at the hearing, the district court was required by the federal rules to make findings as to each controverted matter. See United States v. Manni, 810 F.2d 80, 83 (6th Cir. 1987) (per curiam). We agree.
 
 
 11
 For review purposes we need something to read and attempt to understand. In the future, we think a docket margin notation or a notation in the margin of the presentence report could be sufficient, so long as these notations are clearly dictated into the record or filed as a brief written addendum.
 
 
 12
 Accordingly, the conviction is affirmed but the judgment is set aside. The case is remanded for the imposition of an appropriate sentence giving Smedes credit for the time spent when he voluntarily surrendered himself while this appeal was pending.
 
 
 13
 After careful consideration, we find the other issues raised by Smedes to be without merit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Chief United States District Judge for the Middle District of Tennessee, sitting by designation