NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0066n.06
No. 15-5784

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Jan 25, 2017<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | **ON APPEAL FROM THE** |
| | ) | **UNITED STATES DISTRICT** |
| MICHAEL O. BROWN, | ) | **COURT FOR THE EASTERN** |
| | ) | **DISTRICT OF TENNESSEE** |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:     COLE, Chief Judge; BATCHELDER and COOK, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.**  Michael Brown was arrested for dealing, and conspiring to deal, cocaine and cocaine base.  The court sentenced him to the mandatory minimum of life imprisonment after an enhancement for prior drug convictions.  He appeals his conviction and sentence, arguing that the district court should have suppressed evidence obtained as a result of a wiretap because the warrant failed to name him explicitly; the government failed to provide him with complete notice of the prior convictions it would rely on to support a sentence enhancement in violation of 21 U.S.C. § 851; a question and answer in the re-direct misled the jury despite the district court's instruction to disregard it; and the district court should have entertained his collateral attack on his 1991 state court conviction.  His arguments are unpersuasive because the application named the main drug dealer with whom Brown communicated, the government gave Brown sufficient notice of at least two prior convictions,

there is no indication that the court's instruction was not heeded, and his collateral attacks on his state conviction have no merit. We AFFIRM Brown's conviction and sentence.

## I. Factual Background

In 2013, a federal grand jury indicted Brown on charges of conspiring to distribute cocaine and cocaine base (Count One) and distributing cocaine base on two separate dates (Counts Nineteen—dismissed at the request of the government before jury selection—and Twenty). After a trial, the jury found Brown guilty of both remaining counts, and he was sentenced to the mandatory minimum sentence of life imprisonment.

In 2011, law enforcement officers began investigating a conspiracy to distribute cocaine and cocaine base. They used surveillance, confidential informants, controlled drug purchases, and judicially authorized wire and electronic interceptions. The two-and-a-half-year investigation focused on Calvin Hadley, the suspected kingpin. The Sheriff's Department and the Drug Taskforce applied for, and received, a warrant for a wiretap on Hadley's phone number in April, 2012. During the initial wiretap, law enforcement picked up a phone number that a confidential informant associated with Brown. The government sought to introduce into evidence an audio recording between Hadley and Brown from April 20, 2012, and played the recording in open court without objection at that time.

After arraignment, Brown's court-appointed counsel filed a motion to suppress the wiretap communication, alleging that it had been unlawfully intercepted. The court denied this motion, and Brown requested replacement of his counsel, which the court granted. His new attorney filed a motion to suppress the evidence obtained through the wiretap for lack of necessity, which the court denied. At trial, and after the government had rested and had introduced the evidence obtained as a result of the wiretap, Brown made an oral motion to

suppress the recorded calls because the wiretap application did not identify Brown explicitly. The court asked Brown to file a written memorandum in support of that motion, which he did. After the government responded, and after hearing argument, the court denied Brown's motion to suppress and found no violation of 18 U.S.C. §§ 2515 or 2518(10)(8).

During trial, Hadley and another co-defendant testified that Brown bought cocaine from them. A third co-defendant testified that Brown also sold cocaine to him. And a video-recorded controlled drug transaction between the confidential informant and Brown was played in open court.

During the government's case in chief the government asked the confidential informant on redirect examination about prior drug dealings with Brown. Brown's counsel objected that this was evidence designed to show propensity. The court sustained the objection and instructed the jury to disregard the question and answer. The redirect and instruction occurred as follows:

> Q. Before you started working for law enforcement, before this December 12 deal, had you bought crack cocaine from Michael Brown before?
> A. Before this step? Yes, ma'am.
> Brown's counsel: Objection, Your Honor. In regards to 404(b) issues.
> The court: What about that . . . ?
> Government: Your Honor, I believe that it was, it was, it came to light in the cross-examination.
> The court: Say that again.
> Government: I believe that the cross-examination of this—
> The court: Opened the door?
> Government: Right.
> The court: In what way?
> Government: Well, first of all, [Brown's counsel] asked many questions about [the confidential informant's] history as a drug dealer before this. And so, I think it's fair to say it was—
> The court: No. That doesn't open the door. No. No. I'm going to instruct the jury to disregard the last question and this witness' answer to the last question.
> Government: I have nothing further.

Before and after trial, the government gave Brown notice of enhancement pursuant to 21 U.S.C. § 851. The notice that the government provided before trial included four convictions

that it would rely on for the enhancement, but two of those convictions were part of the same proceeding, and one of them occurred in a different county from the one mentioned in the notice. The government corrected the notice after trial and before sentencing.

## II. Suppression of Wiretap Evidence

When reviewing the denial of a suppression motion, this court reviews legal conclusions de novo and factual determinations for clear error. *United States v. Garrido*, 467 F.3d 971, 977 (6th Cir. 2006). Brown argues that the lower court should have suppressed evidence obtained through the use of the wiretap because the wiretap application failed to name him explicitly and so failed to comply with 18 U.S.C. § 2518(1)(b)(iv). He claims that the law enforcement officer failed to provide a full and complete statement of the facts in the wiretap application by failing to name Brown despite his knowledge that Brown was involved in the conspiracy. Section 2518(1)(b)(iv) requires that each application include, among other things:

> (b) a full and complete statement of the facts and circumstances relied upon by the applicant, to justify his belief that an order should be issued, including . . . (iv) the identity of the person, if known, committing the offense and whose communications are to be intercepted[.]

The wiretap application in this case stated, "Hadley, . . . Cannon, and Darryl Brown, and *others unknown*, have committed, are committing, and will continue to commit the following offenses." (emphasis added). Michael Brown alleges that the government's omission of his name was a "subterfuge to defeat the requirements of the statute and the 4th [A]mendment" because they knew that he played some role in the drug ring. Appellant Br. at 12.

The Supreme Court addressed this issue in *United States v. Donovan*, 429 U.S. 413 (1977), holding that "[i]f, after evaluating the statutorily enumerated factors in light of the information contained in the application, the judge concludes that the wiretap order should issue, the failure to identify additional persons who are likely to be overheard engaging in

incriminating conversations could hardly invalidate an otherwise lawful judicial authorization." *Id*. at 435. The failure to name Brown in the wiretap application did not invalidate the entire application, and the district court was not required to suppress the intercepted telephone conversations between Hadley and Brown.

### III. Notice of Prior Convictions

"No person . . . shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, . . . the United States attorney files an information with the court . . . stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a). "[T]he statute is . . . silent on the specificity with which the government must identify prior convictions." *United States v. Layne*, 192 F.3d 556, 576 (6th Cir. 1999). "[T]he proper inquiry is whether the government's information provided the defendant reasonable notice of [its] intent to rely on a particular conviction and a meaningful opportunity to be heard." *United States v. King*, 127 F.3d 483, 488-89 (6th Cir. 1997) (alteration in original) (internal quotation marks omitted) (holding that the defendant had notice where the information provided the conviction and state court where the defendant had been convicted, but an incorrect date).

Here, the government gave Brown notice before trial of four prior felony drug convictions. But the notice was not entirely accurate. One conviction occurred in a different county from the one stated, and two other convictions included in the notice were in fact one conviction. The government filed an amended notice after the trial and twelve days before sentencing, correcting that mistake and clarifying the convictions. Along with this correction, the government filed exhibits showing Brown's convictions. Brown argues that the government did not give him notice of a controlled substance conviction from 1983 because the pre-trial

notice stated that it occurred in a different county from the one provided in the notice, and it stated a date that was about two weeks off.

The first amended notice stated the conviction, the state, and the general date—within two weeks—of one of the convictions on which it would rely. In *King*, the court held that the government's notice, with an incorrect date of a conviction, provided the defendant adequate notice of the conviction. 127 F.3d at 489. Here, the government's first notice provided Brown adequate notice of its intention to use his 1983 conviction, and it corrected the notice before sentencing, changing the date from "on or about November 7, 1983" to "on October 27, 1983" and from "Lincoln County" to "Rutherford County." Brown was on notice from the time of the government's first notice that the government would use his 1983 Tennessee conviction for selling a controlled substance to enhance his sentence. The point of § 851 is notice and, despite the government's initial errors, Brown received notice that the government would rely on his 1983 conviction. The government adequately complied with 21 U.S.C. § 851.

IV. Misleading the Jury

Brown claims that he was unfairly prejudiced and suffered a substantial legal error during the government's redirect of the confidential informant in which the government asked the informant whether he had bought crack cocaine from Brown prior to their most recent transaction and the court instructed the jury to disregard the question and answer. He argues that "once the question and answer were given no instruction [could] prevent the jury from deciding the case on improper grounds. [Brown] was unfairly prejudiced and suffered a substantial legal error which in the interest of justice is grounds for a new trial." Appellant Br. at 22.

We consider five factors to determine whether a mistrial is warranted after an improper reference:

> (1) whether the remark was unsolicited, (2) whether the government's line of questioning was reasonable, (3) whether the limiting instruction was immediate, clear, and forceful, (4) whether any bad faith was evidenced by the government, and (5) whether the remark was only a small part of the evidence against the defendant.

*Zuern v. Tate*, 336 F.3d 478, 485 (6th Cir. 2003). "Generally, 'the subsequent striking of erroneously admitted evidence accompanied by a clear and positive instruction to the jury to disregard it cures the error' unless the stricken evidence is so prejudicial that its harmful effect cannot be eliminated." *United States v. Chambers*, 944 F.2d 1253, 1263 (6th Cir. 1991) (quoting *United States v. Greene*, 400 F.2d 847, 848 (6th Cir. 1968)), *superseded on other grounds by statute as recognized in United States v. Avery*, 128 F.3d 966, 972 (6th Cir. 1997).

Here, the court sustained Brown's objection and immediately instructed the jury to disregard the question and answer. "Prosecutorial missteps have been held harmless in light of the relative strength of the evidence or because instructions given by the trial court sufficiently diluted or eradicated any resulting prejudice." *United States v. Solivan*, 937 F.2d 1146, 1156 (6th Cir. 1991). The court in this case gave the jury clear and immediate instruction to disregard the question and answer, and Brown provides no evidence that the instruction failed to cure any prejudice that the question might have caused.

### V. Collateral Attack on State Court Conviction

"Any challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge." 21 U.S.C. § 851(c)(2). Brown attacked one of the two Lincoln County convictions in his response to the information, arguing that the resentencing of

his 1991 conviction violated his right to a speedy trial and that he was denied the right to allocute. Although the court corrected his sentence in 2006, Brown argues that this court should vacate the underlying conviction because his right to a speedy trial was denied during resentencing and he was not allowed the right to allocute.

Brown cannot collaterally attack his state convictions on account of these alleged constitutional violations. In *Custis v. United States*, 511 U.S. 485 (1994), the Supreme Court declined Custis's attempt "to attack collaterally prior convictions used for sentence enhancement beyond the right to have appointed counsel established in *Gideon* [*v. Wainwright*, 372 U.S. 335 (1963)]." *Id.* at 496. It rejected Custis's argument because "failure to appoint counsel for an indigent defendant was a unique constitutional defect." *Id.* Brown does not claim a violation of his right to counsel, and his attempt to attack collaterally his prior state court conviction therefore fails as in *Custis*.

## VI. Conclusion

For the foregoing reasons we AFFIRM Brown's conviction and sentence.